Joel REYES, Plaintiff-Appellant,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Defendant-Appellee.

No. 76–3689.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1979.

Rehearing Denied March 13, 1979.

---

S. Bennett Sharber, Downman, Jones & Granger, Houston, Tex., for plaintiff-appellant.

Thomas Gilbert Sharpe, Jr., Brownsville, Tex., for defendant-appellee.

Before HILL and RUBIN, Circuit Judges, and HIGGINBOTHAM *, District Judge.

JAMES C. HILL, Circuit Judge:

In this diversity case plaintiff-appellant challenges [1] the admission into evidence of his four prior misdemeanor convictions for public intoxication, introduced for the purpose of showing that he was intoxicated on the night that he was run over by defendant-appellee's train. We agree with appellant, finding the evidence of his prior convictions to be inadmissible under Rule 404(a) of the Federal Rules of Evidence; therefore, we reverse and remand the case for a new trial.

## I.

Shortly after midnight on June 17, 1974, appellant Reyes was run over by appellee-railroad's train as he lay on the railroad tracks near a crossing in Brownsville, Texas. Reyes brought this diversity suit against the railroad, alleging negligence on the part of the railroad's employees in failing to discover plaintiff as he lay on the tracks and stop the train in time to avoid the accident. The railroad answered by claiming that Reyes, dressed in dark clothing that night, was not visible from the approaching train until it was too late for

---

* District Judge of the Northern District of Texas, sitting by designation.

1. Appellant alleges three other points of error which we do not reach because of our decision on the admissibility of the prior convictions.

its employees to avert the accident. Moreover, the railroad alleged that Reyes was contributorily negligent because he was intoxicated on the night of the accident and passed out on the tracks before the train arrived. Reyes explained his presence on the railroad tracks by claiming that he was knocked unconscious by an unknown assailant as he walked along the tracks.

⬛Reyes made a motion *in limine* to exclude the evidence relating to his prior misdemeanor convictions for public intoxication. The railroad opposed this motion, arguing that the convictions were admissible to show that Reyes was intoxicated on the night of the accident. The district court agreed and refused to grant Reyes' motion.

⬛ In an attempt to minimize the damaging effects of his prior convictions, Reyes brought them out on direct examination.[2] In answering a special interrogatory

submitted to them, the jury found the plaintiff more negligent than the defendant; under Texas law, this finding precluded Reyes from recovering against the railroad. *See* 7 Tex.Civ.Code Ann. Art. 2212a, § 1 (Vernon).

## II.

⬛ Rule 404[3] of the Federal Rules of Evidence embodies the well-settled principle that evidence of a person's character is usually[4] not admissible for the purpose of proving that the person acted in conformity with his character on a particular occasion. Fed.R.Evid. 404, 28 U.S.C.A. *See also McCormick on Evidence* § 188 (2d ed. 1972). This general rule of exclusion, applicable to both civil and criminal proceedings,[5] is based upon the assumption that such evidence is of slight probative value yet very prejudicial.[6]

---

2. We reject the railroad's suggestion that Reyes waived error by bringing out on direct examination the existence of the prior convictions for public intoxication. After the trial court refused to grant Reyes' motion *in limine* to exclude the evidence, he had no choice but to elicit this information on direct examination in an effort to ameliorate its prejudicial effect. Error was sufficiently preserved by making the motion *in limine. See* Fed.R.Evid. 103, 28 U.S. C.A.

3. Rule 404. Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes

   (a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

   (1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

   (2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

   (3) Character of witness. Evidence of the character of a witness, as provided in rules 607, 608, and 609.

   (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in

order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

4. Although Rule 404 operates to exclude character evidence generally, it does not operate to exclude such evidence when "[a] person's possession of a particular character trait [is] an operative fact which under the substantive law determines the legal rights and liabilities of the parties." *McCormick on Evidence* § 187 at 443 (2d ed. 1972). *See also* 1 *Wigmore on Evidence* §§ 70–81 (3d ed. 1940). Rather than constituting an exception to the rule, the evidence offered for such a purpose is not contemplated by the scope of Rule 404 because such evidence is not offered for the purpose of showing that a person acted in conformity with his character. *See Notes of Advisory Committee on Proposed Rules,* Fed.R.Evid. 404, 28 U.S.C.A. at p. 108.

5. The Rule is generally stated as applying to civil as well as criminal cases. *See generally McCormick on Evidence* § 188 n. 18 (2d ed. 1972); 1 *Wigmore on Evidence* § 64 (3d ed. 1940). And the drafters of the Federal Rules rejected the attempt to expand the use of character evidence in civil cases. *See Notes of Advisory Committee on Proposed Rules,* Fed.R. Evid. 404, 28 U.S.C.A. at p. 109.

6. "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the

■ An analysis of the admissibility of character evidence necessarily begins, then, with an examination of the purposes for which the evidence is proffered. If the evidence is introduced for the purpose of showing that a person acted in accordance with his character on a given occasion, then the evidence is inadmissible unless it falls within one of the exceptions noted in Rule 404.[7]

■ The record in this case makes clear that the railroad intended for Reyes' prior convictions to show that he was intoxicated on the night of the accident. Indeed, that purpose was the only possible one for which the evidence could be offered. Moreover, the trial judge specifically noted in the motion *in limine* hearing that evidence of the prior convictions would be relevant to the issue of whether Reyes was intoxicated on the night of the accident. Because the evidence of Reyes' prior convictions was admitted for the sole purpose of showing that he had a character trait of drinking to excess and that he acted in conformity with his character on the night of the accident by becoming intoxicated, we conclude that the prior convictions were inadmissible character evidence under Rule 404.

### III.

■ The suggestion that the prior convictions constituted evidence of Reyes' "habit" of excessive drinking is equally unpersuasive. Rule 406[8] allows the introduction of evidence of the habit of a person for the purpose of proving that the person acted in conformity with his habit on a particular occasion. Fed.R.Evid. 406, 28 U.S.C.A. *See generally McCormick on Evidence* § 195 (2d ed. 1972); 1 *Wigmore on Evidence* § 92 (3d ed. 1940). Habit evidence is considered to be highly probative and therefore superior to character evidence because "the uniformity of one's response to habit is far greater than the consistency with which one's conduct conforms to character or disposition." *McCormick on Evidence* § 195 at 463 (2d ed. 1972).

■ Perhaps the chief difficulty in deciding questions of admissibility under Rule 406 arises in trying to draw the line between inadmissible character evidence and admissible habit evidence. Quite often the line between the two may become blurred:

> Character and habit are close akin. Character is a generalized description of one's disposition, or one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness. "Habit," in modern usage, both lay and psychological, is more specific. It describes one's regular response to a repeated specific situation. If we speak of character for care, we think of the person's tendency to act prudently in all the varying situations of life, in business, family life, in handling automobiles and in walking across the street. A habit, on the other hand, is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic.

3A *Wigmore on Evidence*, §§ 920–30, 980–87; (Chadbourn rev. 1970); *McCormick on Evidence* §§ 41–44, 190–91, 193–94 (2d ed. 1972). This case does not present us with a situation falling within any of these exceptions.

> particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."

California Law Revision Commission, *Tentative Recommendation and a Study Relating to the Uniform Rules of Evidence, quoted in Notes of Advisory Committee on Proposed Rules,* Fed.R. Evid. 404, 28 U.S.C.A. at p. 109.

**7.** Rule 404 contains several exceptions to the general rule itself. *See note* 4, *supra.* For a general discussion of these exceptions, *see* 1 *Wigmore on Evidence* §§ 56–63 (3d ed. 1940);

**8.** Rule 406 Habit; Routine Practice
Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

*McCormick on Evidence* § 195 at 462–63 (2d ed. 1972). Although a precise formula cannot be proposed for determining when the behavior may become so consistent as to rise to the level of habit, "adequacy of sampling and uniformity of response" are controlling considerations. *Notes of Advisory Committee on Proposed Rules*, Fed.R. Evid. 406, 28 U.S.C.A. at p. 153. *See also Wilson v. Volkswagen of America*, 561 F.2d 494 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978). Thus, the probative force of habit evidence [9] to prove intoxication on a given occasion depends on the "degree of regularity of the practice and its coincidence with the occasion." *McCormick on Evidence* § 195 n. 16 (2d ed. 1972).

■ We do not undertake here to prescribe the precise quantum of proof necessary to transform a general disposition for excessive drinking into a "habit" of intemperance; we simply find that four prior convictions for public intoxication spanning a three and one-half year period are of insufficient regularity to rise to the level of "habit" evidence. Consequently, we hold the evidence to be inadmissible under Rule 406 as well.[10]

### IV.

■ A principle purpose behind the exclusion of character evidence, as we have said, is the prejudicial effect that it can have on the trier of fact. This concern is especially compelling here where the character evidence relates to one of the critical issues in the case, *i. e.*, the contributory negligence of Reyes. Finding the introduction of the prior convictions to be extremely prejudicial, we feel that the error affected the substantial rights of Reyes, thus requiring a new trial. Fed.R.Civ.P. 61, 28 U.S. C.A. *See also Bell v. Swift & Co.*, 283 F.2d 407 (5th Cir. 1960); *Atlantic Coast Line Railroad Co. v. Burkett*, 192 F.2d 941 (5th Cir. 1951).

REVERSED and REMANDED.

**9.** Much evidence relating to intemperance is excluded because of its failure to rise to the level of habit evidence. *See* Annot., 46 A.L. R.2d 103 (1956).

**10.** Evidence of the prior convictions is obviously inadmissible for the purposes of impeachment under Fed.R.Evid. 609, 28 U.S.C.A.