United States Court of Appeals,

Eleventh Circuit.

No. 95-8888.

Lisa Beth JUDD, Plaintiff-Appellant,

v.

Dennis RODMAN, Defendant-Appellee.

Feb. 13, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CV-1063-ODE), Orinda D. Evans, Judge.

Before BIRCH, Circuit Judge, KRAVITCH, Senior Circuit Judge, and SCHWARZER[*], Senior District Judge.

BIRCH, Circuit Judge:

Lisa Beth Judd filed this action against Dennis Rodman and alleged that he wrongfully transmitted genital herpes to her. The jury entered a verdict in favor of Rodman. Judd appeals the final judgment on the ground that evidence of her prior sexual history, employment as a nude dancer, and breast augmentation surgery should have been excluded under Rule 412 of the Federal Rules of Evidence. Rodman argues that Rule 412 is not applicable to this case and, in the alternative, that Judd waived her right to appeal the issue by failing to object at trial. We affirm.

## I. BACKGROUND

Judd contracted genital herpes following a sexual relationship with Rodman. She subsequently filed a complaint against Rodman alleging several causes of action related to her contraction of genital herpes: tortious transmission of a sexual disease,

[*]Honorable William W. Schwarzer, Senior U.S. District Judge for the Northern District of California, sitting by designation.

battery, fraud, and intentional infliction of emotional distress.[1] During discovery, Rodman asked numerous questions about Judd's prior sexual history, employment as a nude dancer, and breast augmentation surgery.

When Rodman failed to file a timely motion to admit evidence of Judd's prior sexual behavior or sexual predisposition,[2] Judd filed before trial several motions in limine to exclude evidence of her prior sexual history, employment as a nude dancer, and breast augmentation surgery.[3]  Rodman then filed a conditional motion under Rule 412(c), arguing that Rule 412 was inapplicable but that, if applicable, the evidence of Judd's prior sexual history should be admitted under Rule 412(b) because its "probative value substantially outweighs ... the danger of unfair prejudice."[4]

At the pretrial conference, the trial judge denied Judd's motions in limine[5] but stated that "overruling the motion in limine does not mean the evidence is going to come in at trial....  I just

---

[1]Judd also sought punitive damages and attorneys' fees and costs.

[2]Rule 412(c) provides that the party seeking to introduce evidence excludable under Rule 412(a) must file a written motion at least fourteen days prior to the trial describing the evidence and the purpose for introducing it.

[3]The motions to exclude evidence of Judd's prior sexual relationships and nude dancing employment were based on Rule 412. The motion to exclude evidence of breast augmentation was based on Rule 402.

[4]Rodman also argued that given the uncertainty regarding the applicability of Rule 412, the trial court should excuse his failure to file the motion at least fourteen days before trial as required by Rule 412(c)(1)(A).  Rule 412(c) provides that the court may "for good cause require a different time for filing or permit filing during trial."

[5]One motion was granted but is not at issue in this appeal.

need to hear more before I can rule....  [We] might as well just take the issues up one at a time where necessary outside the jury's presence." R4-3-4. The trial judge further stated that evidence of nude dancing and breast augmentation surgery, while probably not relevant to liability, could be relevant to damages.  R4-5-6. The trial judge instructed Judd to make the objection at trial to the evidence "just as though it had never been brought up before." R4-5.

At the beginning of the trial, Judd requested clarification as to the applicability of Rule 412.  The trial judge stated, "I think that Rule 412 does not apply."  Prior to testifying, Judd objected under Rule 412 to admission of evidence of her employment as a nude dancer.  She explained that if the court overruled the motion she intended to introduce the evidence on direct examination.  The motion was overruled, and Judd testified on direct examination regarding her nude dancing and previous sexual history.  On cross-examination, Rodman questioned Judd regarding her breast augmentation surgery.  Judd objected on the basis of relevancy. The court overruled the motion.

No limiting instructions to the jury were requested by Judd. The jury returned a verdict for Rodman.  The court subsequently entered a final judgment in Rodman's favor which Judd appeals.

## II. DISCUSSION

We review a district court's ruling on the admissibility of evidence for abuse of discretion. *Joiner v. General Elec. Co.,* 78 F.3d 524, 529 (11th Cir.1996), *petition for cert. filed,* 65 U.S.L.W. 3110 (U.S. Aug. 5, 1996).  We overturn evidentiary rulings

only when the moving party has proved a substantial prejudicial effect. *King v. Gulf Oil Co.,* 581 F.2d 1184, 1186 (5th Cir.1978). Thus, we review the trial court's admission of evidence under Rule 412 for an abuse of discretion and reverse only when the party asserting error shows that the error prejudiced a substantial right of that party.

Rule 412, as amended in 1994, applies to "any civil ... proceeding involving alleged sexual misconduct." Fed.R.Evid. 412(a). The rule provides that "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior," Fed.R.Evid. 412(a)(1) and "[e]vidence offered to prove any alleged victim's sexual predisposition," Fed.R.Evid. 412(a)(2), are generally inadmissible in civil cases. An exception is provided in Rule 412(b)(2) for evidence of sexual behavior and predisposition which is otherwise admissible if "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed.R.Evid. 412(b)(2). To date, Rule 412 has only been applied to civil cases involving rape and sexual harassment. *E.g., Sheffield v. Hilltop Sand & Gravel Co.,* 895 F.Supp. 105 (E.D.Va.1995) (a sexual harassment case); *Alberts v. Wickes Lumber Co.,* No. 93 C 4397 (N.D.Ill. Mar.15, 1995) (a civil rape case). Thus, the applicability of Rule 412 to cases involving transmission of a sexually transmitted disease has not yet been determined by any court.[6]

---

[6]The district court in this case did not issue a conclusive ruling regarding the applicability of Rule 412. Significantly, although the court ordered that the pertinent motions in limine be sealed consistent with the procedural requirements of Rule 412(c)(2), when pressed for clarification as to the applicability

Because we find that any error in admitting evidence of Judd's breast augmentation surgery, prior sexual history, and employment as a nude dancer was not substantially prejudicial, we need not analyze the applicability of Rule 412 to cases involving wrongful transmission of a sexually transmitted disease. Thus, we assume, without deciding, that Rule 412 applies to the facts presented in this case and address in turn the admissibility of evidence of breast augmentation surgery, prior sexual history, and nude dancing.

A. Breast Augmentation Surgery

Judd argues on appeal that evidence of her breast augmentation should have been excluded under Rule 412. Rule 103 of the Federal Rules of Evidence, however, provides that error may not be predicated on a ruling admitting evidence unless there was "a timely objection or motion to strike appear[ing] of record." Fed.R.Evid. 103(a)(1). Furthermore, an objection on specific grounds does not preserve the error for purposes of appeal on other grounds. *United States v. Guerrero,* 650 F.2d 728, 738-739 (5th Cir. Unit A 1981) (holding that an objection for failure to lay a proper predicate did not preserve an error for inadmissible extrinsic act and hearsay). In this case, the motion in limine filed with regard to the admissibility of evidence of breast augmentation surgery cited only Rule 402 of the Federal Rules of Evidence. Similarly, when Judd was questioned about her surgery on cross-examination, her attorney objected only on the ground of

___

of Rule 412 at the beginning of trial, the trial judge stated, "I think Rule 412 does not apply." R5-69.

relevancy. Judd's failure to object on the basis of Rule 412 precludes her from raising the issue of inadmissability under Rule 412 on appeal. We therefore conclude that Judd has waived her objection based on Rule 412 to the admission of evidence regarding her breast augmentation surgery.

B. Prior Sexual History

Judd contends that admission of evidence of her prior sexual history warrants a reversal of the judgment against her. To find error warranting reversal, however, we must find not only that Judd made a timely objection, as previously noted, but also that a substantial right was affected. *See* Fed.R.Evid. 103(d).

Judd argues that her motion in limine to exclude under Rule 412 evidence of her prior sexual history was sufficient to preserve the issue for appeal. We previously have held that, as a general proposition, an overruled motion in limine does not preserve a party's objection for purposes of appeal; a timely objection at trial is required. *Collins v. Wayne Corp.,* 621 F.2d 777, 784 (5th Cir.1980). Under certain circumstances, however, a motion in limine may be adequate to preserve an error for appeal if a good reason exists not to object at trial. *Rojas v. Richardson,* 703 F.2d 186, 189 (5th Cir.) (citing *Reyes v. Missouri Pac. R.R.,* 589 F.2d 791, 793 n. 2 (5th Cir.1979)), *vacated on other grounds,* 713 F.2d 116 (5th Cir.1983). In *Reyes,* our predecessor circuit found a motion in limine sufficient to preserve the movant's objection to the admission of certain evidence when the movant, as a matter of trial strategy, presented the objectionable evidence himself on direct examination to minimize its prejudicial effect. *Reyes,* 589

F.2d at 793 n. 2. In rejecting the argument that the movant had waived the error, we determined that the plaintiff had shown that his introduction of objectionable evidence on direct examination was an attempt to soften the blow of damaging information and, therefore, represented valid trial strategy. *Id.*

In this case, Judd presented evidence of her prior sexual history on direct examination only after the court overruled her motion in limine to exclude the evidence and suggested at trial that Rule 412 was inapplicable. We find that this constituted valid trial strategy and, as a result, that Judd did not waive her objection. *See Rojas,* 703 F.2d at 189 ("An objection to one's own testimony is an absurdity.... This Circuit consequently found the offensive use of damaging information to fall outside the general rule requiring a timely objection.") We conclude that Judd's motion in limine preserved the issue for appeal.

To warrant reversal, Judd must also establish that a substantial right was affected by the admission of the evidence. Rule 412(a) provides that "evidence offered to prove that any alleged victim engaged in other sexual behavior" will generally be excluded. Fed.R.Evid. 412(a). Rule 412(b) provides an exception to exclusion when the "probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed.R.Evid. 412(b).

Judd contends that, under the balancing test of Rule 412(b), evidence of her prior sexual history should have been excluded because its probative value failed to outweigh substantially the unfair prejudice toward her. A central issue of the case, however,

is whether Judd contracted genital herpes from Rodman. Expert testimony revealed that the herpes virus can be dormant for long periods of time and the infected person can be asymptomatic. Consequently, evidence of prior sexual relationships and the type of protection used during sexual intercourse is highly relevant to Rodman's liability. The court did not abuse its discretion in admitting evidence of Judd's prior sexual history.[7]

C. Employment as a Nude Dancer

Judd contends that evidence of her prior employment as a nude dancer should have been excluded under Rule 412(a)(2) because it was offered to prove her sexual predisposition. Judd objected to the admission of this evidence both in a motion in limine and at trial and, thus, preserved the issue for appeal. She failed, however, to show that a substantial right was affected by the admission of the evidence.

As discussed above, the district court could have admitted evidence of Judd's nude dancing upon a finding that the probative value substantially outweighed the prejudicial effect. The determination under such a balancing test is necessarily highly fact specific. Judd testified that she felt "dirty" after she

---

[7]We also reject Judd's argument that she was substantially prejudiced by the failure of Rodman and the court to follow the procedural requirements of Rule 412(c). Rodman's conditional motion to admit evidence under Rule 412 and his questions during discovery put Judd on notice that he intended to introduce evidence of her prior sexual history. Furthermore, although the trial judge failed to provide a hearing in camera before introduction of the evidence, she stated at the pretrial conference that issues of admissibility could be taken up outside the presence of the jury at trial. Judd waived the hearing by introducing the evidence herself without requesting a hearing in camera.

contracted herpes.  The court determined that Judd's employment as a nude dancer before and after she contracted herpes was probative as to damages for emotional distress because it suggested an absence of change in her body image caused by the herpes infection. Thus, although we recognize the potentially prejudicial nature of the evidence of Judd's nude dancing, we find that, given the specific facts of this case and the considerable evidence of sexual history and predisposition which were appropriately admitted, the district court could have decided, within its discretion, that the probative value of the evidence substantially outweighed any prejudicial effect.  Accordingly, we resolve that Judd has not shown that the court's admission of this evidence constituted reversible error.

### III. CONCLUSION

In this civil case involving wrongful transmission of a sexually transmitted disease, Judd contends that the district court abused its discretion in not excluding, under Rule 412 of the Federal Rules of Evidence, evidence of Judd's breast augmentation surgery, prior sexual history, and employment as a nude dancer. Assuming, without deciding, that Rule 412 is applicable to the facts presented in this case, we conclude that the court's admission of this evidence did not constitute reversible error. Specifically, we resolve that (1) Judd failed to preserve for appeal the admissibility under Rule 412 of evidence of her breast augmentation surgery, and (2) although Judd preserved her objection based on Rule 412 regarding evidence of her sexual history and nude dancing, this evidence was substantially more probative than

prejudicial and, therefore, could have been properly admitted at trial. Accordingly, even assuming, arguendo, that there were errors in the admission of evidence in this case with respect to Rule 412, these errors did not affect Judd's substantial rights and, consequently, do not merit reversal. We AFFIRM.