Patricia E. DELANEY, Plaintiff,

v.

The CITY OF HAMPTON, VIRGINIA
and Arthur Parker, Defendants.

No. CIV.A. 4:96CV90.

United States District Court,
E.D. Virginia,
Newport News Division.

Aug. 12, 1997.

Nunc Pro Tunc Aug. 6, 1997.

Redacted Version Issued April 6, 1998.

Glen William Thompson, Richard Hoyt Matthews, David Lawrence Arnold, Pender & Coward, P.C., Virginia Beach, VA, for Patricia E. Delaney, plaintiff.

Patricia E. Delaney, Newport News, VA, pro se.

Richard Mark Feathers, Stanley G. Barr, Jr., Stephen Edward Noona, Ashley Lionel Taylor, Jr., Kaufman & Canoles, PC, Norfolk, VA, for City of Hampton, Va., a Municipal Corp., defendant.

Keith Loren Kimball, Sykes, Carnes, Bourdon & Ahern, P.C., Virginia Beach, VA, for Arthur Parker, defendant.

### ORDER AND OPINION

DOUMAR, District Judge.

This matter is before the Court on Defendant City of Hampton's ("the City") motion for partial summary judgment as to Plaintiff's 42 U.S.C. § 1983 claim and the City's motion to allow admission of evidence of Plaintiff Patricia Delaney's ("Delaney") sexual history pursuant to Federal Rule of Evidence 412(b)(2). In an *in camera* proceeding, the Court ruled from the bench that the City's motion for partial summary judgment on the § 1983 claim is GRANTED. The Court also ruled from the bench that the City's motion to admit evidence related to Plaintiff's sexual history which is contained in her psychiatric file is GRANTED. The Court RESERVED RULING, however, on whether evidence * * * [REDACTED] * * * not outlined in her psychiatric file would be admissible. Following is a summary of the basis of the ruling.

### I. Background

Delaney has sued the City of Hampton, her employer, and Arthur Parker, a former

co-worker, under Title VII and § 1983 for alleged incidents of sexual harassment of Delaney by Parker while both were in the employ of the City's Department of Public Works. Delaney's complaint states that Defendant Parker forced Plaintiff to engage in oral sodomy on or around June 1, 1994 while at work and that Parker also made numerous other sexual advances toward Plaintiff during the months of June, July and August 1994. Delaney asserts that the City was deliberately indifferent to Delaney's right not to be subjected to sexual harassment by Parker and thus is responsible for Delaney's injuries. Delaney alleges that she has suffered severe emotional distress which has led to Post Traumatic Stress Disorder requiring numerous hospitalizations and long-term psychiatric treatment and therapy.

Delaney bases the allegation of deliberate indifference on two investigations made by Edmund Panzer: (1) Panzer's investigation of an allegation of sexual harassment made in May 1993 by another employee against Parker and (2) Panzer's investigation of anonymous letters alleging that certain misconduct, including sexual harassment, was occurring in the department. Panzer was the Director of the Department of Public works during the times relevant to this case. Panzer interviewed the alleged victim of the May 1993 incident, the alleged perpetrator Parker, and seven other employees who might have had knowledge of the situation. After conducting the investigation, Panzer determined that there was not sufficient evidence to show that Parker had harassed the alleged victim. Therefore, Panzer did not discipline Parker. In addition, when Panzer became aware of three anonymous letters alleging sexual harassment and other misconduct in his department, he sent a letter to all employees encouraging them to come forward to him, the Human Resources Manager or the Minority Programs Director if they had concerns. As no employees came forward, Panzer was unable to investigate these allegations any further.

The City moved for partial summary judgment dismissing the § 1983 claim with prejudice. The City also moved that the Court permit the introduction under Federal Rule of Evidence 412 of two types of evidence at trial: (1) Delaney's history of prior sexual abuse as evidence relevant to the true source of causation of her claimed damages and (2) other evidence * * * [REDACTED] * * *.

## II. Motion for Partial Summary Judgment on Delaney's § 1983 Claim

For Defendant City to be liable on a § 1983 claim, Delaney must show that the City of Hampton, through its deliberate conduct, was the "moving force" behind Delaney's alleged constitutional injury. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). Delaney alleges that Panzer created a "policy" by investigating the previous sexual harassment complaint against Parker rather than referring the complaint to the Human Resources Director. Delaney further argues that, by conducting the investigation himself and failing to discipline or warn Parker regarding his alleged behavior, Panzer created a custom that sexual harassment will be tolerated by the City.

The evidence presented by Delaney does not support her claim of a "policy" for three reasons. First, Panzer was not a "policy maker" for the purposes of decision-making which may impose § 1983 liability. Second, Panzer's actions, even if he were a policy maker, did not rise to the level of "deliberate indifference" as required by the controlling case law. Finally, no act by the City can be said to have been deliberately indifferent to a known risk that Delaney's constitutional rights would be violated. Each of these reasons is addressed in turn.

The Supreme Court has held that, for an officials act's to be attributed to a municipality as the municipality's policy, the official must possess " 'final authority to establish municipal policy with respect to [the particular act or edict] ordered.' " *Jones v. Wellham*, 104 F.3d 620, 625 (4th Cir.1997) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)) (alteration in original). The City's Sexual Harassment Policy is part of its personnel policies. Panzer did not have authority to establish such policies. The City's personnel policies were estab-

lished in an ordinance by the Council of the City of Hampton, and responsibility for administration of the Ordinance has been delegated to the City Manager. Panzer clearly did not have "final authority" to establish a sexual harassment policy, and therefore his actions in investigating the prior allegation against Parker cannot be deemed to be a policy of the City..

Even if Panzer were a "policy maker," Delaney would have to show that Panzer's decision was made with "deliberate indifference to the potential consequences of known risks" in order to prove the existence of a policy. *Jones v. Wellham*, 104. F.3d at 627. Panzer's actions certainly do not rise to the requisite level of "deliberate indifference" needed to establish a policy or custom for which the City would be liable. As noted above, Panzer conducted an investigation into the complaint against Parker and tried to obtain more information regarding the allegations in the anonymous letters. In hindsight, it is unfortunate that Panzer's investigation did not reveal enough evidence to indicate that Parker might commit the acts alleged by Delaney or evidence that Parker should be disciplined in some way. There is no evidence, however, that Panzer was negligent in conducting the investigation. Even if he had been negligent, the Supreme Court has made it clear that negligence is *not* the standard in § 1983 cases imposing liability on municipalities. *Brown*, 117 S.Ct. at 1392. Therefore, even if Panzer were a policy maker, which this Court finds he was not, Panzer's acts did not rise to the level of deliberate indifference to Delaney's constitutional rights.

Finally, nothing in the record establishes that the City acted with deliberate indifference. There is no evidence that any decision of the City reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right, in this case Delaney's right to be free from sexual harassment, would follow the decision. *Id.* As noted already, the City had an established policy against sexual harassment. The City's policy is designed to prevent the type of incidents alleged in this case—not to ignore them. Accordingly, Defendant City's motion for partial summary judgment on Delaney's § 1983 claim against the City is GRANTED.

### III. Motion for the Admission of Evidence under FRE 412

■ Defendant City seeks admission of evidence regarding Delaney's sexual history pursuant to Federal Rule of Evidence Rule 412(b)(2). Rule 412 clearly applies to civil cases, FED. R. EVID. 412(b)(2), and specifically states,

> In a civil case, evidence offered to prove the sexual behavior or predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

*Id.* The City sought admission of evidence regarding Delaney's history of prior sexual abuse to show that other stressors in her life besides the alleged abuse by Parker might be responsible for her psychiatric condition. This evidence would be highly probative as to both liability and damages.

In a recent decision on this issue, the Eleventh Circuit held admissible evidence of sexual history related to causation of a plaintiff's alleged harm. *Judd v. Rodman*, 105 F.3d 1339, 1343 (11th Cir.1997) (holding that because whether the plaintiff in that case contracted genital herpes from the defendant was a central issue to the case, evidence of prior sexual relationships and the type of protection used during sexual intercourse was highly relevant to the defendant's liability). This Court finds that such evidence should be available to the jury in this case. It is clear from Delaney's psychiatric file that she has had numerous stressors in her life besides the alleged incident with Parker including a history of sexual abuse and other incidents such as an automobile accident. The City has experts who will testify that these stressors may have contributed to her current psychiatric problems. Therefore, evidence of such past abuse that is found in Delaney's psychiatric medical file should be admitted in this case.

The City also sought admission of other evidence * * * [REDACTED] * * * Evidence of such relationships that is included in Delaney's medical file is admissible for the reason set out above. A ruling on admission of any other evidence of Delaney's sexual history must await the development of facts at trial, and the Court reserves ruling until that time.

The Clerk of the Court is REQUESTED to mail a copy of this order to all counsel of record. The Clerk is also REQUESTED to file this order UNDER SEAL.

IT IS SO ORDERED.

*REDACTION ORDER*

Ordered Redacted and published as above set forth this the 6th day of April 1998 with the original unredacted order to remain under seal.