[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15027
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cv-80911-KAM

CHARLOTTE TAYLOR,

Plaintiff - Appellant,

versus

SHERIFF RIC L. BRADSHAW,
Palm Beach County Sheriff,
CAPTAIN ED JABLONSKI,
For Palm Beach County Sheriff,
SERGEANT SCOTT SCHWAB,
For Palm Beach County Sheriff,
SERGEANT TERESA BLOESER,
For Palm Beach County Sheriff,
DEPUTY JOHN DOE,
For Palm Beach County Sheriff,

Defendants - Appellees,

PALM BEACH COUNTY, FLORIDA,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 13, 2018)

Before TJOFLAT, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Charlotte Taylor, proceeding pro se, appeals the district court's entry of judgment in favor of defendants following a jury trial on her claims under 42 U.S.C. § 1983. She also challenges the district court's evidentiary decisions both before and during trial. After careful review, we affirm.

I.

In 2011, Taylor filed a pro se civil rights complaint against: (1) Palm Beach County, Florida, (2) Palm Beach County Sheriff Ric Bradshaw, (3) Palm Beach County Sheriff's Captain Ed Jablonski, (4) Palm Beach County Sheriff's Sergeant Scott Schwab, (5) Palm Beach County Sheriff's Sergeant Teresa Bloeser, and (6) an unknown Palm Beach County Sheriff's deputy. Taylor alleged that on a number of occasions she attempted to enter the Palm Beach County courthouse to prosecute ongoing civil actions, but Jablonski, Schwab, Bloeser, and the unknown deputy told her that she could not enter the courthouse unless she stood up out of her wheelchair for security screening, which she was unable to do. Taylor alleged

2

that the deputies prevented her from entering the courthouse in violation of the Americans with Disabilities Act ("ADA"), her First Amendment right to access the courts, and her Fourteenth Amendment rights to due process and equal protection. She alleged that she lost several civil suits related to tax claims because she could not access the courthouse to attend hearings.

After Taylor filed her third amended complaint, she moved for sanctions because the defendants had not made their initial disclosures by the September 30, 2013 deadline set in the parties' joint discovery plan. Taylor requested that the court order defendants to pay her $110,000 as a sanction. The magistrate judge denied Taylor's motion for sanctions. The magistrate judge explained that sanction would only be warranted for violation of a court order, and the parties' proposed discovery plan did not constitute a court order.

On September 5, 2014, Palm Beach County moved to compel responses to its interrogatories. Taylor responded that she had told Palm Beach County's counsel she could not meet discovery deadlines because she had been ill. She also submitted interrogatory responses in which she objected, using boilerplate language, and did not respond to thirteen of the sixteen interrogatories.

The magistrate judge granted Palm Beach County's motion to compel and ordered Taylor to provide full and complete interrogatory responses. The

magistrate judge also warned Taylor that failure to comply with the order could result in the imposition of sanctions, including the dismissal of her case.

Instead of providing interrogatory responses, Taylor moved to disqualify the magistrate judge and vacate his discovery orders. She argued his orders demonstrated personal bias and prejudice against her. The magistrate judge denied the motion.

On October 22, Palm Beach County again moved to compel responses to its interrogatories. The magistrate judge granted the motion, again ordering Taylor to provide full interrogatory responses and warning her that she could be sanctioned if she failed to comply.

On December 2, Palm Beach County filed a third motion to compel discovery, stating that Taylor still had not provided any responses to the outstanding interrogatories. The County requested that the court dismiss Taylor's claims against it with prejudice as a sanction for her "dilatory and evasive conduct."

Taylor then filed four motions seeking to stay the case based on her admission to a hospital for diabetic ketoacidosis. The district court denied Taylor's motions because she had not attempted to resolve the issue with defendants before seeking court intervention, as required by local rules, and because her claims did not warrant the 90-day stay she requested. The court found it particularly deficient

that Taylor did not provide "the portion of the discharge summary which typically addresses the patient's condition at the time of discharge."[1]

The magistrate judge granted Palm Beach County's third motion to compel, stating that more than four months had passed since the court-ordered deadline for responding to the interrogatories and that Taylor's failure to comply with court orders and completely answer the interrogatories was willful. In a separate report and recommendation (R&R), the magistrate judge found that Palm Beach County was prejudiced by Taylor's conduct, and that a lesser sanction than dismissal would fail to adequately punish Taylor and ensure compliance with court orders.

Taylor did not object to the R&R. The district court adopted the R&R and dismissed the claims against Palm Beach County, but allowed Taylor to proceed on her claims against the individual defendants.

Trial began on November 2, 2015, and lasted four days. Defendants testified at trial that they had seen Taylor walk through the metal detector on other occasions. On the days at issue in her trial, they asked if she was able to stand and she said yes, but she refused to stand for screening and instead left the courthouse without further discussion.

---

[1] During this time Taylor filed another motion to stay the case for 30 days so she could meet discovery deadlines, as well as three "notices" detailing further medical issues, which the district court construed as motions for reconsideration. The district court denied all of these motions.

During closing arguments, defense counsel argued that Taylor frequently filed frivolous lawsuits. Counsel stated "[t]he Fourth District Court of Appeal just told [Taylor] that last week. They said, you've got 52 lawsuits, appeals in this [c]ourt, and you can't file them anymore unless you get a Florida Bar-admitted lawyer." Taylor objected. The district court sustained her objection, stating: "That was not in the evidence. You said that was a recent order. That was not made part of the evidence. You asked her if she knew about that order, and she said she didn't."

The jury returned a verdict in favor of defendants on all of Taylor's claims. The district court entered final judgment in favor of defendants and closed the case.

Taylor appealed.

## II.

Taylor challenges the sufficiency of the evidence to support the jury's verdict.[2] Before proceeding to the merits of Taylor's claim, we must confront deficiencies in the appellate record.

The Federal Rules of Appellate Procedure provide that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the

---

[2] Taylor frames this question as "[w]hether [Taylor]'s case [was] supported by substantial evidence." However, the relevant inquiry when challenging the sufficiency of the evidence at trial is whether the jury's verdict was supported by sufficient evidence. See McGinnis v. Am. Home Mortg. Servicing, Inc., 817 F.3d 1241, 1254 (11th Cir. 2016).

evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). Taylor has generally challenged the sufficiency of the evidence supporting the jury's verdict. However, she has not filed the full trial transcript with the Court. While pro se parties are generally afforded leniency, "in this circuit [ ] pro se appellants, like appellants represented by counsel, must provide trial transcripts in the appellate record to enable this court to review challenges to sufficiency of the evidence." Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam).

After filing her appeal, Taylor completed the standard transcript order form, but requested only a portion of the trial transcript. Defendants moved to compel Taylor to order the full trial transcript, citing Rule 10(b), and the district court granted that motion. Taylor twice moved to reconsider, asking the district court to allow her to order the transcripts without paying costs, but the district court denied those motions. Taylor then filed a second notice of appeal, challenging the orders compelling her to pay for the trial transcripts. That separate appeal was dismissed for lack of appellate jurisdiction, with instructions that Taylor should instead move in her first appeal for leave to order the trial transcripts without paying costs. See Taylor v. Palm Beach Cty. Sherriff, No. 16-15365, ECF No. 13 (Nov. 7, 2016). Taylor then filed such a motion in this case, but that motion was denied in a one-

7

sentence order.  Ultimately Taylor filed transcripts covering only opening statements, the testimony of one witness, the jury charge, and defendants' closing arguments.

Ordinarily we conduct a de novo review of whether a verdict is supported by sufficient evidence.  See McGinnis, 817 F.3d at 1254.  However, Taylor's piecemeal filing of transcripts means we lack a record of most of the trial in this case and cannot evaluate the nature and strength of the evidence introduced at trial.[3]  Taylor evidently filed only the portions of the record that support her claims.  Without the rest of the record, we cannot evaluate whether there was sufficient evidence to support the jury's verdict, and therefore must affirm the district court.  See Loren, 309 F.3d at 1304–05.

### III.

Taylor challenges the district court's admission of two orders from the Florida Fourth District Court of Appeal that defendants failed to disclose before trial.

This Court reviews the district court's rulings on the admissibility of evidence for an abuse of discretion.  Judd v. Rodman, 105 F.3d 1339, 1341 (11th Cir. 1997).  The harmless error standard applies to erroneous evidentiary rulings,

---

[3] Neither do we have a record of whether Taylor made a timely motion for judgment as a matter of law, which is a prerequisite for an appellate court to evaluate a challenge to a jury's verdict.  See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 400–01, 126 S. Ct. 980, 985 (2006).

8

and we will "reverse only when the party asserting error shows that the error prejudiced a substantial right of that party." Id. Federal Rule of Civil Procedure 26 requires each party to disclose during discovery "a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). In addition, before trial each party must provide "an identification of each document or other exhibit" that it plans to use at trial. Fed. R. Civ. P. 26(a)(3)(A)(iii). If a party fails to disclose the information required by these rules, then that party "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Taylor never specifically identifies which two orders of the Fourth District Court of Appeal were admitted as evidence during her trial. Nevertheless, the record does indicate that one of the orders was the Fourth District Court of Appeal's April 2, 2015 order warning Taylor that she could be sanctioned if she continued to file frivolous appeals. Without a complete trial transcript, however, we are unable to review whether the district court committed any error in admitting this order. Neither the district court's docket nor Taylor's transcript excerpts indicate whether she objected to the admission of the order at trial, or whether the district court ruled on any such objection. There is no record of the circumstances

9

surrounding the admission of the order at trial, including whether Taylor was merely questioned about or impeached with the order.  Thus, not only is the record before us insufficient to determine whether she preserved any objection, but we also cannot assess whether the admission of this evidence was harmful in light of the trial as a whole.  See Judd, 105 F.3d at 1341.

As to the second order, Taylor seems to be referring to a more "recent" sanctions order of the Fourth District Court of Appeal, which defense counsel referenced in closing argument.  However, contrary to her argument on appeal, the transcript of defense counsel's closing argument indicates that this order was not admitted at trial.  Taylor objected to defense counsel's statement that "[t]he Fourth District Court of Appeal just told her last week.  They said, you've got 52 lawsuits, appeals in this Court, and you can't file them anymore unless you get a Florida Bar-admitted lawyer."  The district court sustained Taylor's objection, and specifically explained "[t]hat was not in evidence. You said that was a recent order. That was not made part of the evidence.  You asked her if she knew about that order, and she said she didn't.  The other order is in evidence."  From this portion of the trial record, it is evident that this second order was not admitted at trial.  This means Taylor has not demonstrated any error by the district court.

IV.

Taylor challenges whether defendants committed "fraud upon the court" and violated the scheduling order by introducing the orders from the Fourth District Court of Appeal.

There is no indication on the district court's docket that Taylor ever moved for relief from the final judgment, much less that she did so on the basis of fraud on the court. Because Taylor raises this claim for the first time on appeal, it is not properly before this Court. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). Even if Taylor's claim was preserved, the asserted failure by defendants to disclose trial exhibits is not the type of "unconscionable" or "egregious misconduct," which would constitute fraud on the court. See Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (quotations omitted).[4]

Taylor's conclusory allegation that defendants violated the court's scheduling order fares no better. As best as the Court can tell, Taylor's claim is based on her motion for sanctions against defendants for failing to provide timely initial disclosures, in violation of the parties' proposed discovery plan. The magistrate judge found that sanctions were inappropriate because the parties' discovery plan "d[id] not constitute a court order," and the actual scheduling orders

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

11

from the court did not set a deadline for initial disclosures.  Taylor has not pointed to any error in this decision, and therefore her claim that defendants violated the court's scheduling order does not warrant relief.

## V.

Finally, Taylor challenges whether the court afforded her due process when it sanctioned her for discovery violations prior to trial.  She argues she was punished not for misconduct, but merely because she was sick.  In support of this argument, Taylor cites caselaw discussing when a judge must be disqualified for bias or prejudice.

Taylor's claims are based on the district court's dismissal of her claims against Palm Beach County as a sanction for failing to respond to discovery requests and court orders.  This Court reviews the district court's imposition of sanctions under Federal Rule of Civil Procedure 37 for an abuse of discretion. Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1447 (11th Cir. 1985).  Similarly, this court reviews the district court's exercise of its inherent authority to dismiss an action for failure to comply with a court order for an abuse of discretion.  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  While dismissal of claims should be a "last resort," it is an appropriate sanction if "noncompliance with discovery orders is due to willful or bad faith disregard for those orders."  Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986); see also United States v.

Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997) ("[O]ur circuit precedent clearly dictates that sanctions as draconian as [dismissal] for discovery violations under Rule 37 must be preceded by an order of the court compelling discovery, the violation of which might authorize such sanctions.").

Taylor has not demonstrated that the sanctions constituted an abuse of discretion.  More than nine months passed between the issuance of the interrogatories and the magistrate judge's recommendation that Taylor's claims be dismissed.  The magistrate judge warned Taylor several times that failure to follow the court's orders could result in dismissal of her claims.  The magistrate judge and the district court both found that Taylor's failure to respond to the interrogatories was willful and undertaken in bad faith, was prejudicial to Palm Beach County, and that lesser sanctions would not compel compliance.  Under these circumstances, dismissing the claims against Palm Beach County was not an abuse of discretion.  See Cox, 784 F.2d at 1556; see also OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1366–67 (11th Cir. 2008) (affirming dismissal of a claim for attorney's fees due to the "complete and willful failure to comply with" discovery requests).

Finally, Taylor cites in her brief to cases discussing disqualification of a judge for bias, though she never actually alleges the district court judge or

13

magistrate judge should have been disqualified.  To the extent that Taylor is attempting to raise a claim that she was denied due process because of judicial bias, she is not entitled to relief.  Taylor has provided no evidence of judicial bias and made no argument explaining any bias.  That the magistrate judge and district court sometimes ruled against her during this case is not enough to establish judicial bias.  See Giles v. Garwood, 853 F.2d 876, 878 (11th Cir. 1988) (per curiam) ("A judge should disqualify himself only if a reasonable person would question his impartiality, or if he has a personal bias against a party. The bias must arise from an extrajudicial source, except in the rare case where such pervasive bias and prejudice is shown by otherwise judicial conduct . . . ." (quotation omitted)); Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) ("Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias.").

   **AFFIRMED.**[5]

---

[5] Defendants' motion to dismiss the appeal for failure to file the trial transcript is denied as moot.