[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12432
_____

D.C. Docket No. 3:14-cv-00445-MCR-CJK


JOHN NAVELSKI,
LINDA NAVELSKI,
RICHARD BULLARD,
BEVERLY BULLARD,
ERICK ALEXANDER,
JACOB HUTCHINS,
AMBER HUTCHINS,
JEANNE HENDERLY,

Plaintiffs - Appellants,


versus


INTERNATIONAL PAPER COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 7, 2019)

Before WILSON, JILL PRYOR, and TALLMAN,[*] Circuit Judges.

PER CURIAM:

After a major storm, International Paper Company's dam overflowed, releasing millions of gallons of water into a nearby creek. Homes downstream from the creek and dam flooded, and the homeowners sued International Paper (IP) in a class action for negligence and strict liability for an abnormally dangerous activity. A unanimous jury found that IP was not negligent in its design, maintenance, and operation of the dam. The trial court granted judgment as a matter of law for IP on the strict liability claim. On appeal, the homeowners argue that the district court (1) abused its discretion in denying their motion for a new trial because the jury's negligence verdict was against the great weight of the evidence, (2) abused its discretion in admitting a portion of Escambia County's application for a FEMA grant, and (3) erred in granting IP's motion for judgment as a matter of law on the strict liability claim. After careful review and with the benefit of oral argument, we discern no reversible error. Accordingly, we affirm.

I.

IP operates a paper mill in Escambia County, Florida. IP constructed the Kingsfield Road Dam to manage the flow of water into a nearby creek. The dam

---

[*] The Honorable Richard C. Tallman, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

originally included a "sliding gate" or "safety gate," which, when necessary, could be opened manually to release water. IP has since modified the dam to release excess water through notches at the top of the dam without having to open the gate. Despite knowing that the storm was coming, IP did not open the dam's gate in preparation for the storm. The dam eventually breached, and homes downstream from the creek and dam flooded.

At trial, the jury was asked to decide whether IP was negligent in its design, maintenance, and operation of the dam, and, if so, whether the breached dam caused the flooding. To rebut the negligence claim, IP presented testimony that the company had modified the dam to better withstand storms and to release excess water without using the gate. IP also presented evidence that the dam was not the cause of the flooding. Instead, IP argued that the homes downstream were naturally prone to flooding. In support of this theory, IP sought to introduce—over the homeowners' objection—Escambia County's application for a FEMA grant to buy and demolish some of the damaged homes. The grant showed that Escambia County considered these homes to be naturally prone to flooding. The homeowners argued that the grant application was prejudicial and should have been excluded under Florida's collateral source rule and Federal Rule of Evidence 403. When IP offered to introduce a redacted version of the grant application, the

district court admitted the document.  The district court instructed the jury not to consider whether any homeowner received any grant proceeds.

Before trial concluded, the district court granted IP's motion for judgment as a matter of law on the strict liability claim, holding that IP's use of the dam was not an abnormally dangerous activity under Florida law.  The jury unanimously found that IP was not negligent.  The jury did not reach the issue of causation.  The homeowners appealed.

## II.

We review a district court's denial of a motion for a new trial for abuse of discretion.  *See Bianchi v. Roadway Express, Inc.*, 441 F.3d 1278, 1282 (11th Cir. 2006).  The district court's evidentiary rulings are also reviewed for abuse of discretion.  *Proctor v. Fluor Enter., Inc.*, 494 F.3d 1337, 1349 n.7 (11th Cir. 2007).  A district court's ruling on a motion for judgment as a matter of law is reviewed de novo.  *See Campbell v. Rainbow City*, 434 F.3d 1306, 1312 (11th Cir. 2006).

The homeowners first argue that the district court abused its discretion in denying their motion for a new trial because the jury's negligence verdict was against the great weight of the evidence.  We disagree.  IP presented substantial evidence that it took reasonable care to maintain and operate its dam through testimony from engineers, contractors, and its employees.  The evidence showed that IP's decision to cease using the gate in favor of the notches, which an expert

4

testified was "more effective" at releasing water, was reasonable.  Because the verdict was not "against the clear weight of evidence," the district court did not abuse its discretion in denying the motion for a new trial.  *See Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 948 (11th Cir. 2018).

Next, the homeowners argue that the district court abused its discretion in allowing IP to introduce a portion of Escambia County's application for a FEMA grant.  They argue that the admission of this evidence was erroneous under both Florida's collateral source rule and Federal Rule of Evidence 403.

We cannot grant a new trial based on a district court's evidentiary ruling unless the challenging party demonstrates that the ruling had a "substantial prejudicial effect" on the jury's verdict.  *Judd v. Rodman*, 105 F.3d 1339, 1341 (11th Cir. 1997).  The homeowners have not done so.  The grant application was one piece of evidence admitted over the course of a five-day trial and it was redacted to eliminate much of the information about the purchase of homeowners' properties.  Moreover, the district court instructed the jury not to consider whether any homeowner received proceeds from the grant.  We generally presume that juries follow a trial court's instructions unless we have reason to believe otherwise.  *See United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996).  We have no reason to believe the jury here did not follow instructions, and thus, to the extent that the admission of the grant was erroneous, we find it harmless.

Finally, the homeowners argue that IP's use of the dam was an abnormally dangerous activity under Florida law, and that the district court erred in granting IP's motion for judgment on this claim. To determine if an activity is abnormally dangerous, Florida courts follow the Second Restatement of Torts. *See Bunyak v. Clyde J. Yancy & Sons Dairy, Inc*., 438 So. 2d 891, 894 (Fla. 2d DCA 1983). We thus consider the (a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes. Restatement (Second) of Torts § 520 (1977).

After weighing these factors, we find that the district court did not err in determining that IP's use of the dam was not an abnormally dangerous activity under Florida law. To be abnormally dangerous, an activity must pose a specific danger of a "certain magnitude and nature." *See Great Lakes Dredging & Dock Co. v. Sea Gull Operating Corp.,* 460 So. 2d 510, 513 (Fla. 3d DCA 1984). In our judgment, the operation of a dam on a creek typically poses neither a high risk of harm that cannot be eliminated by the use of care nor an overly abnormal danger to the community.

Because we find no reversible error, the judgment of the district court is affirmed.

**AFFIRMED.**