[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13963
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-20800-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ROLANDO VARELA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2021)

Before MARTIN, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Jose Rolando Varela, a federal prisoner, appeals the district court's order sentencing him to a 135-month prison term and a 10-year term of supervised release with special conditions.  He raises two arguments on appeal.  First, he says the special condition of his supervised release restricting his access to computers is unconstitutional.  Second, he argues his 135-month prison term is substantively unreasonable.  After careful consideration, we affirm Varela's sentence.

## I.

In 2019 Varela pled guilty to one count of possession of a visual depiction of a prepubescent minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).  At the plea hearing, the parties stipulated to the following facts.  Varela received over 300 video files and over 22,500 images of child pornography through a peer-to-peer network known to contain child pornography files.  Varela knowingly possessed the files and knew they contained child pornography as evidenced by his searches and the file names.  The videos were sexually explicit and depicted young children, often prepubescent, in sadistic and masochistic scenes.

Varela's Presentence Investigation Report ("PSR") assigned a base offense level of 18 pursuant to United States Sentencing Guideline § 2G2.2(a)(1).  It then increased Varela's offense level by 2 because the material involved a prepubescent minor under the age of 12, pursuant to USSG § 2G2.2(b)(2); 4 levels because the

2

material portrayed sadistic or masochistic conduct, pursuant to USSG § 2G2.2(b)(4)(A); 5 levels because Varela engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, pursuant to USSG § 2G2.2(b)(5); 2 levels because the offense involved the use of a computer, pursuant to USSG § 2G2.2(b)(6); and 5 levels because he was responsible for 600 or more images of child pornography, pursuant to USSG § 2G2.2(b)(7)(D). The PSR reduced Varela's offense level by three because he accepted responsibility and pled guilty, pursuant to USSG § 3E1.1(a), (b). His total offense level was 33. The PSR assigned Varela a criminal history category of I. It also stated that Varela has a bachelor's degree in electrical engineering and was employed as an engineer for 20 years. The PSR further disclosed that Varela himself was the victim of sexual abuse when he was a child living in Honduras.

Varela faced a statutory minimum prison term of 10 years and a statutory maximum of 20 years. Based on his offense level of 33 and criminal history category of I, Varela's guideline range was 135 to 168 months' imprisonment. His statutory minimum term of supervised release was five years and the applicable guidelines recommended supervised release from five years to life. Varela's PSR also recommended, as a special condition of supervised release, that he not have access to computers absent permission of the court.

At the sentencing hearing, Varela asked the district court to impose the mandatory minimum sentence of 10 years' imprisonment. In support of his request for this below-Guidelines sentence, he argued that he had come to the United States as a young boy and availed himself of all opportunities he was given as an immigrant—he succeeded in school and worked a respectable job for 20 years. He also got married, raised a family, and continues to enjoy support from family and friends. Varela also argued that the trauma he endured as a young boy contributed to his commission of the crime here. He expressed remorse for his actions and committed to working on his recovery.

Finally, during allocution, Varela asked the district court not to impose any restrictions on the use of a computer while on supervised release:

> Please allow me, your Honor, to work on my field as an engineer. I need technology to work. You know, as we all are doing right now, I need technology. I need computers. I need technology to work. We [are] no longer living in the '80s, and technology is everywhere, and that's one of the main tools I need to do my job. I don't care—the supervision software monitoring, I don't care what they do, you know, to check what I am doing, but at least allow me to work and to go to places, you know, to supervise projects, and stuff like that, you know.

> So I'd like you to consider that, you know, because once I get out, I want to support myself. You know, like I mentioned before, I don't like to be a burden to anybody. I want to find other jobs for myself, help my kids, you know, my daughters' graduation.

The district court ultimately decided that the guideline range adequately reflected the factors in 18 U.S.C. § 3553(a) and sentenced Varela to 135 months in

4

prison and 10 years of supervised release. The court addressed Varela's concern regarding access to computers, but chose to restrict his access for the duration of his supervised release term absent leave of the court. The court specifically noted that it would "design an appropriate access to computers to allow [Varela] to work." The court then asked for any final objections, and Varela's counsel said he had none.

This is Varela's appeal.

## II.

We review unpreserved issues of law for plain error. See United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). Under that standard, we will reverse only if (1) the district court erred; (2) the error was plain; and (3) the error affected the defendant's substantial rights. Id. We must also consider whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Id. We review the substantive reasonableness of a sentence for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

## III.

A. Computer Restriction

Varela argues that the ban on computer use for the entirety of his 10-year term of supervised release violates his First Amendment right to internet access in

light of Packingham v. North Carolina, 582 U.S. __, 137 S. Ct. 1730 (2017).

Although Varela says our review of this question is de novo, we think the proper

standard is plain error because he did not object to the challenged condition below.

Vandergrift, 754 F.3d at 1307.  We require objections to be made with "specificity

and clarity" in order to "alert the government and the district court to the mistake

of which the defendant complains."  United States v. Ramirez-Flores, 743 F.3d

816, 824 (11th Cir. 2014) (quotation marks omitted) (discussing objections to the

PSR); see also Judd v. Rodman, 105 F.3d 1339, 1342 (11th Cir. 1997) ("an

objection on specific grounds does not preserve the error for purposes of appeal on

other grounds").  In this case, it is true that Varela asked the district court during

allocution not to restrict his computer use.  But that is not enough to put the

government and the court on notice that a legal objection was being raised—much

less an objection that the restriction violated his First Amendment rights.  Indeed,

Varela did not object to the PSR and when the court asked for any objections after

imposing Varela's sentence, his counsel responded that he had none.  Our review is

therefore for plain error.

    If any error was committed as to the computer restriction, it was not plain.

Unless the explicit language of a statute or rule resolves an issue, "there can be no

plain error where there is no precedent from the Supreme Court or this Court

directly resolving it."  United States v. Hesser, 800 F.3d 1310, 1325 (11th Cir.

6

2015) (per curiam) (quotation marks omitted).  Just last year in <u>United States v. Bobal</u>, 981 F.3d 971 (11th Cir. 2020), we reviewed for plain error the precise issue Varela raises here: whether a restriction on computer use during supervised release is unconstitutional in light of <u>Packingham</u>.  <u>Id.</u> at 976–78.  <u>Bobal</u> noted there was no binding precedent resolving the question and held the district court did not plainly err in imposing a computer restriction as a special condition of supervised release.  <u>Id.</u>  Like the special condition in that case, Varela's computer restriction does not extend beyond his sentence, directly relates to his offense conduct, and allows Varela to obtain court permission to use a computer.  <u>See id.</u> at 975, 977. We have not found any binding precedent since the <u>Bobal</u> decision, and Varela does not point us to any that resolves the question of whether <u>Packingham</u> applies to the type of computer use restriction at issue here.  We therefore cannot say the district court plainly erred.

B.  <u>Substantive Reasonableness</u>

Varela says his 135-month prison term is substantively unreasonable because the district court failed to properly consider the sentencing factors in 18 U.S.C. § 3553(a).  We will vacate a sentence as substantively unreasonable only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."

7

United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

We are not left with that "definite and firm conviction" in this case. Although Varela argues the district court failed to "meaningfully consider [his] personal or individual history," our review of the record suggests otherwise. The district court gave Varela an opportunity to present mitigating evidence and heard about his stable employment, supportive family, and childhood trauma. After hearing this evidence, the court stated that it relied on the entire record and on counsel's arguments in imposing its sentence. The court also found that the advisory guideline range "adequately reflects the factors contained in [§] 3553" and therefore imposed a sentence within that range.

The district court met the standards set by our precedent. We have expressly held that the district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Docampo, 573 F.3d 1091, 1100 (11th Cir. 2009) (quotation marks omitted). "It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." United States v. Sanchez, 586 F.3d 918, 936 (11th Cir. 2009). That is what the district court did here. It made clear that it had accounted for the § 3553(a) factors and it considered Varela's arguments about his personal

8

circumstances and individual history.  We cannot say the district court abused its discretion by failing to do more.

**AFFIRMED.**