561 So.2d 1220 (1990)
EASTERN AIRLINES, INC., a Delaware Corporation, Appellant,
v.
Kevin KING, As Father and Next Friend of Ben King, a Minor, and Kevin King, Individually, and Mary Jo King, Appellees.
No. 88-2723.
District Court of Appeal of Florida, Third District.
April 24, 1990.
On Motion for Rehearing June 26, 1990.
Thornton, David & Murray and Linda Ann Singer Stein, Miami, for appellant.
Colson, Hicks, Eidson, Colson & Matthews, Cooper, Wolfe and Bolotin and Marc Cooper, Miami, for appellees.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
This is an appeal by the defendant Eastern Airlines, Inc. [Eastern] from a post-trial order granting a new trial on damages in favor of the plaintiffs in an action (a) brought by Kevin King, as father and next friend of Ben King, a minor, for breach of contract, negligence, and willful misconduct [Ben King's claim], and (b) brought by Kevin King, individually, for past and future medical expenses for Ben King, a minor [Kevin King's claim]. This entire action arose out of a near crash of an Eastern Airlines plane on a flight from Miami to Nassau. We affirm in part and reverse in part.
First, based on the controlling and indistinguishable authority of Eastern Airlines, *1221 Inc. v. King, 557 So.2d 574 (Fla. 1990), involving precisely the same near crash of the same Eastern Airline plane as involved in the instant case, it is plain that the defendant Eastern was entitled, as urged, to a directed verdict at trial on Ben King's claim for willful misconduct and to a limitation of damages on his negligence claim to $75,000 under the Warsaw Convention.[1] Eastern concedes, however, on this appeal that Ben King's damages were in excess of this amount, and, accordingly, we reverse the new trial order under review as to Ben King's claim and remand the cause to the trial court with directions to enter a judgment for the plaintiff on that claim in the amount of $75,000.
Second, as to Kevin King's claim, however, we find no merit in Eastern's appeal and affirm the new trial order under review solely as to this claim. Contrary to Eastern's extensive argument, we find no merit in Eastern's contention that the trial court should have ordered a new trial on both liability and damages as to the Kevin King claim; the trial court did not err (a) in admitting certain evidence at trial, (b) in its instructions to the jury, or (c) in granting a new trial on damages only. In re Aircrash in Bali, Indonesia, 871 F.2d 812, 815 (9th Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 277, 107 L.Ed.2d 258 (1989); Lawrence v. Florida East Coast Ry., 346 So.2d 1012 (Fla. 1977); Friddle v. Seaboard Coast Line R.R., 306 So.2d 97 (Fla. 1974); Cedars of Lebanon Hosp. Corp. v. Silva, 476 So.2d 696 (Fla. 3d DCA 1985); § 90.703, Fla. Stat. (1987). Moreover, the trial court properly denied Eastern's post-trial motion to disqualify the trial judge; the motion was untimely filed, and, in any event, Eastern waived any right to complain about this ruling when it refused to agree to have the chief judge of the circuit hear the one motion remaining at the time of the hearing on the motion to disqualify. Lightbourne v. Dugger, 549 So.2d 1364, 1365-66 (Fla.), cert. denied, ___ U.S. ___, 110 S.Ct. 1505, 108 L.Ed.2d 640 (1989); Fischer v. Knuck, 497 So.2d 240, 243 (Fla. 1986); In re Estate of Carlton, 378 So.2d 1212, 1218 (Fla. 1979) (Overton, J. on denial of request for recusal), cert. denied, 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980); Ball v. Yates, 158 Fla. 521, 533, 29 So.2d 729, 735 (1946), cert. denied, 332 U.S. 774, 68 S.Ct. 66, 92 L.Ed. 359 (1947); see Lawson v. Longo, 547 So.2d 1279, 1280 (Fla. 3d DCA 1989); see also Sierra Club v. Simkins Indus., Inc., 847 F.2d 1109 (4th Cir.1988) (client bound by attorney's tactical decision to waive judge's offer of recusal), cert. denied, ___ U.S. ___, 109 S.Ct. 3185, 105 L.Ed.2d 694 (1989); State v. Hansen, 107 Wash.2d 331, 728 P.2d 593 (1986) (en banc) (litigant waived right to disqualify judge for prejudice when trial judge offered to let another judge hear case and defendant rejected offer).
Affirmed in part; reversed in part.

ON MOTION FOR REHEARING
PER CURIAM.
Eastern Airlines, Inc. has filed a motion for rehearing in which it requests this court to determine whether Kevin King's claim is governed by the Warsaw Convention, and, if so, the extent of available funds under the Convention and the proper distribution thereof between the Ben King and Kevin King claims. This issue was neither presented in the parties' original or supplemental briefs nor orally argued, and we decline to address it for the first time on rehearing. Sag Harbour Marine, Inc. v. Fickett, 484 So.2d 1250, 1256 (Fla. 1st DCA 1985), rev. denied, 494 So.2d 1150 (Fla. 1986); Fiesta Fashions, Inc. v. Capin, 450 So.2d 1128, 1129 (Fla. 1st DCA 1984); Sarmiento v. State, 371 So.2d 1047, 1053 (Fla. 3d DCA 1979), approved, 397 So.2d 643 (Fla. 1981); Price Wise Buying Group v. Nuzum, 343 So.2d 115, 117 (Fla. *1222 1st DCA 1977). Although we decline to rule on the issue so raised, we do so without prejudice to Eastern's raising and fully arguing its position in the new trial on damages below, and we refer the trial court to the following relevant cases for consideration in its determination of the issue: Diaz Lugo v. American Airlines, Inc., 686 F. Supp. 373 (D.P.R. 1988); Hinds v. Philippine Airlines, Inc., [1979 Transfer Binder] Avi.L.Rep. (CCH), 15 Avi. 17, 701 (S.D.N.Y. 1979); Ross v. Pan American Airways, 123 N.Y.S.2d 263 (Sup.Ct. 1953).
We have considered the other points in Eastern's motion for rehearing and find them without merit. The motion for rehearing is denied. In light of our decision on the Warsaw Convention issue, King's separately filed motion for clarification is likewise denied.
NOTES
[1] In fairness to the trial court, it should be noted that the King case, which compels a reversal on Ben King's claim, was decided subsequent to the trial below  so that the trial court did not have the benefit of King when ruling on Eastern's various trial motions.