679 So.2d 866 (1996)
Gary LENTZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3250.
District Court of Appeal of Florida, Third District.
September 18, 1996.
John T. Balikes, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Joni Braunstein, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
FLETCHER, Judge.
Defendant Gary Lentz appeals his conviction and sentence for armed robbery with a firearm, alleging errors in jury selection, closing argument, and jury instructions. We find it necessary to discuss only Lentz's contention that the trial court committed reversible error in denying his peremptory challenge to the seating of a juror. We find this contention to be without merit and affirm the conviction and sentence.
During jury selection, Lentz (a white male), through his counsel, peremptorily challenged an African-American venire member, at which time the State requested a Neil[1] inquiry into Lentz's reason for the attempted strike. Lentz contends that the State, in making the Neil inquiry request, failed to demonstrate any factual basis to overcome the initial presumption that Lentz's attempted strike was exercised in a nondiscriminatory manner, thus there should have been no inquiry made. Nevertheless, the trial court inquired of Lentz's counsel as to the reason for the challenge, at which time Lentz's counsel simply responded: "Judge, I *867 exercised a peremptory challenge at the request of my client." When informed by the trial court that this was not a good enough explanation, Lentz's counsel replied: "That's my explanation, Judge." The trial court found this to be an insufficient reason and denied the challenge.
We note, without deciding, that the State's bare-bones request for a Neil inquiry appears to have met the requirements therefor.[2] Assuming to the contrary, however, the fact is that the inquiry was made. Once that occurred, the trial court was entitled to take Lentz's response into consideration pursuant to Reed v. State, 560 So.2d 203, 206 (Fla.), cert. denied, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990): "[I]f it appeared from the prosecutor's explanation that his challenges were racially motivated, the trial judge would have been warranted in granting a mistrial despite not yet having ruled that the defense had made a prima facie showing."
The "information" provided to the trial court by Lentz's counsel was not enlightening. The court already knew that the defense wanted to strike the venire member or the defense would not have made the attempt. The court's inquiry was made to determine why the defense wished to exercise the peremptory challenge. The defense, however, deliberately declined to answer the court's inquiry as to why. Under such a circumstance the court had to make a choice on its own. As Lentz is a white male and the juror an African-American, the court obviously believed thatin the absence of Lentz's assistancethe better course was to conclude that Lentz's refusal was made deliberately to avoid giving a pretextual response. Therefore, the trial court was justified in concluding that Lentz's motive was discriminatory. Pursuant to Reed v. State, the court was then justified in denying Lentz's peremptory challenge.
Further, assuming arguendo that error was made, the trial court was led into it by Lentz's stonewall response. Lentz is not permitted to take advantage of error (if any) brought about by his deliberate actions. Pope v. State, 441 So.2d 1073, 1076 (Fla. 1983).
As the other issues raised by Lentz are without merit, we affirm.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla.1984).
[2] See Melbourne v. State, 679 So.2d 759 (Fla. 1996).