717 So.2d 605 (1998)
Miguel Alcangel PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-956.
District Court of Appeal of Florida, Third District.
September 16, 1998.
Bennett H. Brummer, Public Defender, and Ivy Ginsberg Shanock, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin and Douglas Gurnic, Assistant Attorneys General, for appellee.
Before SCHWARTZ, C.J., and LEVY and SORONDO, JJ.

ON MOTION FOR REHEARING GRANTED
PER CURIAM.
We withdraw our previously issued opinion in this case and substitute the following in its place.
Miguel Perez, defendant, appeals his conviction for first degree murder and life sentence. His sole issue in this appeal is that the trial court erred in allowing Williams[1] rule evidence of four other homicides and two attempted homicides he allegedly committed. In its answer brief, the state argued only that the Williams rule evidence was properly introduced to prove the defendant's "motive and plan" to commit the murder charged in the indictment. Based on the arguments presented by the parties, we concluded that although evidence of the defendant's participation in a drug organization as an "enforcer" and the fact that the victim had been murdered because of a drug debt were admissible, the evidence of the totally unrelated murders and attempted murders were not. Accordingly, we reversed the defendant's conviction and sentence.
On rehearing, and for the first time, the state argues that the defendant failed to *606 object to the Williams rule evidence when it was offered at trial and, consequently, did not preserve the issue for appellate review. Because this was the only issue raised on appeal, the state now argues that the defendant's conviction and sentence should be affirmed.[2] The defendant responds that rehearing cannot be employed to raise new grounds or re-argue grounds previously raised, and urges us to deny the state's motion.
We begin by noting that the state is correct in its assertion that the defendant did not properly preserve this issue by recording a contemporaneous objection at the time the state offered the evidence in question. The Williams rule issue first arose when the state mentioned an uncharged crime during opening statement. The defendant did not object. During the evidentiary presentation, the defendant did not once object to the introduction of the evidence of collateral crimes. Indeed, during the cross-examination of state witness Vanegas, the defense elicited information of three murders allegedly committed by the defendant which had not yet been mentioned by the state.
In the past, this Court has been reluctant to consider new arguments made on rehearing that were not raised in the main appeal. This general practice has prompted us to decline to hear such belated arguments in some cases. See Eastern Airlines, Inc. v. King, 561 So.2d 1220 (Fla. 3d DCA 1990); Sarmiento v. State, 371 So.2d 1047 (Fla. 3d DCA 1979), approved, 397 So.2d 643 (Fla. 1981). Nevertheless, such a general practice does not deter us from considering such an argument where recent developments in the law or the justice of the cause persuade us to do so.
The Criminal Appeal Reform Act of 1996, Ch. 96-248, Laws of Florida; § 924.051(3), Fla. Stat. (Supp.1996),[3] reads as follows:
An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
Section 924.051(1)(a), defines "prejudicial error" as "an error in the trial court that harmfully affected the judgment or sentence." Section 924.051(1)(b), states that "`preserved' means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." The legislature has thus carefully and specifically defined the degree of specificity necessary to preserve issues which may be raised in criminal appeals. All of the criminal cases cited by the defendant in support of his position that this preservation issue, raised for the first time on rehearing, should not be entertained by this Court, pre-date the Criminal Appeal Reform Act, and do not involve preservation issues. In deciding to exercise our discretion to hear this newly presented argument, we give great weight to the clearly expressed intent of the Florida Legislature that review of criminal appeals must be limited to those issues which have been properly preserved in the trial court or which constitute fundamental error.[4]
In the present case, the defendant moved in limine, before trial, to exclude the state's Williams rule evidence. After a lengthy hearing the trial judge denied his motion. Under Florida law, the defendant was required to record a contemporaneous objection to the supposedly inadmissible evidence at the time it was offered at trial. See *607 Correll v. State, 523 So.2d 562 (Fla. 1988)("Even when a prior motion in limine has been denied, the failure to object at the time collateral crime evidence is introduced waives the issue for appellate review"); Phillips v. State, 476 So.2d 194 (Fla.1985); Anderson v. State, 549 So.2d 807 (Fla. 5th DCA 1989); German v. State, 379 So.2d 1013 (Fla. 4th DCA 1980). Not only did the defendant fail to object to any of the Williams rule evidence during trial, thus waiving his right to appellate review on those issues, during cross-examination of state witness Vanegas he actually elicited evidence of three unrelated murders he had allegedly committed. At that point in time the state had not introduced any evidence of these unrelated crimes.
We do not know and do not speculate as to why the defendant failed to object to the introduction of the collateral crimes evidence, or what strategic considerations may have led him to introduce some of this evidence himself. We are convinced, however, that it would be contrary to Florida law and grossly unfair to grant him relief for errors which he failed to properly preserve, and which he, himself, invited. See Pope v. State, 441 So.2d 1073, 1076 (Fla.1983)("A party may not invite error and then be heard to complain of that error on appeal"); Lentz v. State, 679 So.2d 866 (Fla. 3d DCA 1996); Buggs v. State, 640 So.2d 90 (Fla. 1st DCA 1994).
For the reasons stated above, we affirm the defendant's conviction and sentence.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).
[2] The state also re-argues the propriety of the trial court's admission of the Williams rule evidence. For the reasons discussed herein we do not reach this issue.
[3] Although the crime charged occurred in 1994, the trial of this case took place in February of 1997, after the effective date of the Criminal Appeal Reform Act. Even if the trial had taken place before the Act became law, there would still be no ex post facto violation. See Neal v. State, 688 So.2d 392 (Fla. 1st DCA), rev. denied, 698 So.2d 543 (Fla.1997).
[4] We limit the scope of this opinion to criminal cases.