WARNER, C.J.
The appellant claims multiple errors in his conviction for battery on a law enforcement officer. These include: (1) whether the prosecutor improperly commented on the defendant’s silence; (2) whether the court erred in excluding evidence of conversations between appellant and the victim at a time prior to the incident involved in this case; (3) whether improper evidence of character testimony from the victim was admitted; (4) whether testimony concerning monetary and mental damage suffered by the victim was improperly admitted; and (5) whether the court placed an improper limitation on defense counsel’s cross-examination of a witness. We hold that none of the alleged errors entitle the appellant to a new trial. As to his sentence, the appellant challenges the constitutionality of the Prison Releasee Reof-fender Act under which he was sentenced.[1] We affirm, as we have held that the Act is constitutional.
On the last day of his sentence in connection with another crime, Ruddock was trying to determine when he would be released. He asked the victim, Corporal Edwards, about his release, and Edwards told him to wait until he had finished the head count on the cell wing. Edwards continued with the head count and was starting to exit the wing when Ruddock approached him again about his release date. Edwards had walked through the inner gate of the wing and waited for the gate to close, but Ruddock blocked it with his foot. Edwards told him to back away, which Ruddock did, but then stepped into the vestibule between the inner gate and outer gate and struck Edwards, causing him to fall. While Edwards lay on the ground, Ruddock kicked him and struck him with a broom. At trial, Ruddock claimed self-defense, contending that Edwards was actually the aggressor in the fight. After a jury trial, appellant was found guilty as charged and brought the instant appeal.
On the first issue, the appellant takes exception to that portion of the state attorney’s closing argument in which, in addressing appellant’s argument that he did not use a broom in hitting the victim, she pointed to long, skinny abrasions consistent with a broom that were revealed in a photograph of the victim taken after the altercation, and asked, “How can the defendant explain that?” This comment related to the defendant’s defense, not his silence. See State v. Sheperd, 479 So.2d 106, 107 (Fla.1985). In fact, the defendant testified at trial. Therefore, he did not exercise his right to remain silent, and the prosecutor’s comments regarding appellant’s own testimony was not error.
In his second point, appellant challenges the trial court’s exclusion of testimony concerning aggressive statements made by the victim to appellant which would have been relevant to appellant’s state of mind and consequently to the issue of self-defense. We conclude that appellant did not make a sufficient proffer in the record on which to evaluate the merit of his point. Athough his written proffer stated that various witnesses would testify that the victim’s language was abusive, they do not detail the language used or the circumstances surrounding the exchange. In addition to the lack of a sufficient proffer, there were other witnesses who testified at trial, including the appellant himself, who testified about the victim’s allegedly aggressive statements toward appellant. Thus, without more, it appears that the proffered statements would have been cumulative to testimony already admitted, and failure to admit the proffered statement was, at most, harmless error. See Selver v. State, 568 So.2d 1331, 1335 (Fla. 4th DCA 1990).
In a like manner, we hold that the admission of testimony regarding the victim’s character was harmless. When asked whether he put up his fists to fight *1106 the defendant, the victim made an unsolicited statement that he “was not that type of person.” The defendant objected but the court overruled the objection. We find this statement harmless, even if we can classify it as traditional character evidence. Moreover, the defense attorney refused the offer of a curative instruction and then asked the victim to repeat that statement on cross-examination. Thus, it was the defense which called attention to the testimony. Cf. San Martin v. State, 705 So.2d 1337, 1347 (Fla.1997), cert. denied, 525 U.S. 841, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998).
Appellant also contends that testimony concerning monetary and mental damages suffered by the victim was improperly admitted. As to the testimony on lost wages, we need not answer the question of whether such monetary damages may be considered in determining “bodily harm” or “permanent disability,” an element of the offense of aggravated battery on a law enforcement officer under section 784.045(l)(a)l., Florida Statutes (1997), because we cannot find that defendant objected to any such testimony at trial. Additionally, the admission of evidence concerning psychological or emotional damages was harmless. There was ample proof of significant and permanent bodily injuries to the victim, including a blowout of the orbital floor of the victim’s eye, fractured lower and upper jawbone, hemorrhages in both eyes, and three fractured teeth. This was more than sufficient to prove the necessary element of the crime.
In his final point attacking his conviction, appellant argues that the trial court erred in refusing to allow the defense to cross-examine another officer in the prison regarding the officer’s statement that he heard the victim tell Ruddock that he would be required to wear a bracelet during his supervisory release. Specifically, the defense attorney was precluded from exploring whether the deputy was incorrect as to the need for Ruddock to wear a bracelet. The state’s objection was sustained. We agree with the trial court’s ruling. Not only was it not relevant to prove or disprove any material fact with respect to the battery charge, see section 90.401, Florida Statutes, but the trial court has wide discretion to impose reasonable limits on cross-examination of matters which are only marginally relevant. See Moore v. State, 701 So.2d 545, 549 (Fla.1997), cert. denied, 523 U.S. 1083, 118 S.Ct. 1536, 140 L.Ed.2d 685 (1998). Although Ruddock maintains it was relevant to impeach the credibility of the deputy, the witness testified only that he heard the victim tell Ruddock that he would have to wear a bracelet. Whether or not Ruddock was actually required to wear one would not impeach the deputy’s testimony of what he overheard the victim say.
Finally, the appellant challenges his sentence under the Prison Releasee Reoffen-der Act. In prior cases, we have found the act to be constitutional. See Jennings v. State, 744 So.2d 1126 (Fla. 4th DCA 1999); Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999).
Affirmed.
POLEN and GROSS, JJ., concur.

. Ruddock had served and completed a prison term for a preceding conviction within three years from the date of the subject offense.