760 So.2d 956 (2000)
Greg MASSEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D98-2494.
District Court of Appeal of Florida, Third District.
January 26, 2000.
Opinion Denying Rehearing March 29, 2000.
Bennett H. Brummer, Public Defender and Manuel Alvarez, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Consuelo Maingot, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and FLETCHER, JJ.
PER CURIAM.
A juror did not truthfully respond to a direct question on voir dire as to whether she had a personal involvement in the criminal justice system by failing to disclose that, less than four years before the trial, she had been charged with a felony, placed in Pretrial Diversion through the intervention of the State Attorney's Office which was prosecuting the instant case and later had the case dismissed after she successfully completed the program. When these facts became known to the defense after a guilty verdict and conviction, it moved for a new trial on this ground. Although the motion was denied, the prevailing law requires the determination that it should have been granted. De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995); see Lowrey v. State, 705 So.2d 1367 (Fla.1998).
The judgment is therefore reversed and the cause remanded for a new trial.

*957 ON MOTION FOR REHEARING
SCHWARTZ, Chief Judge.
The burden of the state's motion for rehearing is the claim, never before presented either in the state's answer brief or at oral argument, that the defense did not exercise "due diligence" in discovering the juror's misrepresentation and was thus not entitled to a new trial on that ground.[1] See De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995). We reject this contention on the basis of the general rule that appellate courts will not consider arguments raised, as this one admittedly was, for the first time on rehearing. Eastern Airlines, Inc. v. King, 561 So.2d 1220 (Fla. 3d DCA 1990), review denied, 576 So.2d 288 (Fla. 1991), cert. denied, 500 U.S. 943, 111 S.Ct. 2238, 114 L.Ed.2d 480 (1991) (rehearing); Sarmiento v. State, 371 So.2d 1047 (Fla. 3d DCA 1979), approved, 397 So.2d 643 (Fla. 1981).
There is no reason, moreover, to apply the exception to that doctrine which may arise when "recent developments in the law or ... justice" require us to do so. Perez v. State, 717 So.2d 605, 606 (Fla. 3d DCA 1998). This is true for several reasons, prominently including the fact that the juror's concealment was so serious and material that the interests of justice seem instead to require a new trial under the circumstances. Moreover, it is not at all clear whether the dictum on this subject in Tejeda v. Roberts, 760 So.2d 960 (Fla. 3d DCA Case no. 3D991432, opinion filed, February 23, 2000)which states that counsel must investigate the jurors' background before the trial actually commences (a) should be given only prospective effect and is thus not applicable to this case or (b) should be applied to criminal, as well as civil, cases in the light of the differences both in the rights at stake and the facilities respectively now available for juror investigation. Our conclusion not to reach the point makes it unnecessary to consider or intimate a possible view as to these, and perhaps other related issues.
Rehearing denied.
NOTES
[1] The state's default on the issue is exacerbated by the fact that it did not respond to the defendant's affirmative contention in the brief of appellant that he had satisfied this requirement.