WARNER, C.J.
Appellant raises two issues challenging his conviction for attempted robbery. First, he claims that fundamental error occurred when the victim implied that appellant had committed a murder three years before. Second, he claims that the court erred in sustaining hearsay objections to testimony regarding statements made by the victim and another witness to appellant. We affirm on both issues.
As to the first issue, it is not clear from the victim’s statement that he was accusing appellant of a murder. No objection was made, and it was never mentioned again. Even if we were to assume that the victim implied that appellant committed the murder and it was thus improper bad act testimony, admission of such Williams[1] rule evidence should only be considered fundamental error when it becomes a feature of the trial. See Keen v. State, 775 So.2d 263, 279 (Fla.2000); Perry v. State, 718 So.2d 1258, 1259-60 (Fla. 1st DCA 1998); Perez v. State, 717 So.2d 605, 606-07 (Fla. 3d DCA 1998); Travers v. State, 578 So.2d 793, 797-98 (Fla. 1st DCA 1991).
Appellant’s second claim, that the court prevented him from testifying to hearsay statements, is limited to the argument he made in favor of their admission in the trial court. See Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982). At trial, appellant’s theory of defense to attempted robbery was that he was fencing stolen goods through the victim, who had shorted him in payment for the goods. He sought to introduce statements by the victim and the victim’s employer regarding the fencing operation. Whether the statements were hearsay or not, any error was harmless because appellant was allowed to testify about the fencing arrangement. He also testified that he returned to the store because he believed - that the victim had shorted him. Allowing appellant to testify to what the victim said, which evidence was not proffered, would have been cumulative to the substance of the testimony already offered. The error was thus harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Ruddock v. State, 763 So.2d 1103, 1105 (Fla. 4th DCA 1999).
Affirmed.
GROSS and HAZOURI, JJ., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).