617 So.2d 794 (1993)
William L. WYNN and Betty Jo Wynn, his wife, Appellants,
v.
Anne Rita Randall MUFFS and Domino's Pizza, Inc., Appellees.
No. 92-00093.
District Court of Appeal of Florida, First District.
April 28, 1993.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Kerrigan, Estess, Rankin & McLeod, Pensacola, for appellants.
John N. Boggs of Boggs & Thompson, James B. Fensom and Michael J. Hauversburk, Panama City, for appellees.
PER CURIAM.
This cause is before us on appeal from an order denying appellants' motion for new trial following final judgment entered on a jury verdict finding that appellant William L. Wynn did not suffer a permanent impairment as a result of an automobile *795 accident. Appellants contend that the verdict was contrary to the manifest weight of the evidence because the sole expert's testimony on causation was uncontradicted.
A jury may accept, reject, or give expert testimony the weight they think it deserves. Fla. Std. Jury Instr. (Civ.) 2.2(b). Easkold v. Rhodes, 614 So.2d 495 (Fla. 1993). Where reasonable persons could differ as to whether the verdict was against the manifest weight of the evidence, the trial court properly denied the motion for new trial. Shaw v. Puleo, 159 So.2d 641 (Fla. 1964); Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla. 2d DCA 1988), review denied, 529 So.2d 694 (Fla. 1988).
Accordingly, we affirm.
BOOTH, SMITH and MINER, JJ., concur.