687 So.2d 27 (1997)
Scot L. HAMILTON, Appellant,
v.
MELBOURNE SAND TRANSPORT, INC., Appellee.
No. 94-1986.
District Court of Appeal of Florida, Fifth District.
January 3, 1997.
Rehearing Denied January 30, 1997.
Jack F. Durie, Jr., Orlando, and Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for Appellant.
Richard S. Womble and Mary Gannon McMurry of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, and Arthur J. England, Jr., of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for Appellee.
THOMPSON, Judge.
Scot L. Hamilton appeals the trial court's order granting Melbourne Sand Transport's ("MST") motion for remittitur and/or new trial. MST moved to reduce the total jury verdict of $200,000 because the jury found Hamilton did not sustain a permanent injury, and therefore, the jury award of $150,000 for future medical expenses and future loss of earning ability was inconsistent and not legally supportable.[1] The trial court granted the motion and reduced the total award to $50,000 or allowed Hamilton to proceed to a new trial. Hamilton declined the award, appealed and argues that the trial court erred because there was sufficient evidence to support *28 a claim for future damages. We reverse because Hamilton proved future damages independent of a permanent injury.
Hamilton was injured in an automobile accident when a tractor-trailer driven by an employee of MST ran a red light and struck his car on the driver's side, forcing the door to the steering wheel. MST does not contest liability. As a result of the accident, Hamilton suffered a pinched nerve in his neck and lower back, swelling, and reduced motion in his left knee. He underwent surgery on his knee and eventually lost his job because, due to his injuries, he was unable to do the work he had done before the accident. During the trial, Hamilton called several physicians who testified that he needed the knee surgery, as a result of the accident, and that he may need back surgery if he exacerbates the disc injuries. Absent further injury, however, only a home traction program would be necessary. A physician further testified that Hamilton may need surgery for mild to moderate carpal tunnel syndrome resulting from the accident. No physician testified that future surgery was probable for any of the injuries sustained. In fact, an orthopedic surgeon hired by MST to do an independent medical examination testified that Hamilton would not require formal medical treatment or physical therapy for his neck and back, and there was nothing to indicate that Hamilton would require future treatment for injury to his knee.
Hamilton also presented evidence that his income and income potential had decreased after the accident. Hamilton testified that he earned $25,400 in 1989, $31,917 in 1990, $31,716 in 1991, and $14,659 in 1992 after he was injured in December 1991. In 1993, two years after the accident, Hamilton earned a salary of $26,650. His former employer testified that Hamilton was a hard worker and would have enjoyed job security as long as he was able to perform his job. He testified that an employee with Hamilton's skill working 70 hours a week, earned $48,900 in 1992 and $43,000 in 1993. Hamilton would have been able to earn those amounts during 1992 and 1993 had he continued to work for him. He testified that the only reason Hamilton was released from his job was because he was physically unable to do the work.
Hamilton contends that he was not required to prove that he was permanently injured, but only that future damages are reasonably certain to occur, citing Auto-Owners Insurance Co. v. Tompkins, 651 So.2d 89, 90 (Fla.1995). In Auto-Owners, the supreme court held that while "a permanent injury was an important factor in establishing that [economic] damages are reasonably certain to occur, it is not an absolute prerequisite." Id. The supreme court, faced with a split of authority from the district courts on the issue, agreed with the position of the second and fifth districts. In Smey v. Williams, 608 So.2d 886 (Fla. 5th DCA 1992), we held that a claimant may be awarded future economic damages without proof of a permanent injury as long as evidence is presented of future loss of earnings. Id. at 887.
MST argues that there was no competent evidence to support an award for 43 years of future medical expenses and lost earnings. MST agrees that Auto-Owners controls, but its view of the facts differs from Hamilton's. MST argues that Hamilton failed to establish that his future damages were reasonably certain to occur, and therefore the jury's verdict was based upon speculation and was legally insufficient. Loftin v. Wilson, 67 So.2d 185 (Fla.1953); Walt Disney World Co. v. Blalock, 640 So.2d 1156 (Fla. 5th DCA), rev. dismissed, 649 So.2d 232 (Fla.1994); Broward Community College v. Schwartz, 616 So.2d 1040 (Fla. 4th DCA 1993). MST stresses that no physician testified that it was probable that Hamilton would need future medical care for his injuries, and its expert testified that Hamilton would not need future medical care. Further, Hamilton presented no evidence that his current salary would be the maximum salary he would earn, or that he would not be able to earn the same amount or more in future years.
In this case, Hamilton presented proof of injuries, albeit not permanent, and proof of future loss of earnings. He was able to establish, with reasonable certainty, that he would continue to suffer decreased wages in the future. Based upon the testimony of *29 Hamilton and his employer, the jury could have determined that Hamilton would suffer a loss of approximately $5,000 per year over a thirty-year period he is expected to work which would amount to $150,000. Therefore, the award for future damages was consistent with the record evidence, and there was a reasonable basis for the jury to award $150,000 for Hamilton's loss of future earning ability.
REVERSED and REMANDED with directions that the jury verdict be reinstated.
DAUKSCH, and ANTOON, JJ., concur.
NOTES
[1] Paragraph 4 of the jury verdict reads:

What is the amount of any future damages for medical expenses and lost earning ability to be sustained in future years?
a. Total damages over future $150,000 years?
b. The number of years over 43 yrs. which those damages intended to provide compensation.
c. What is the present value $150,000 of those future damages?