USCA1 Opinion

 

 For the First Circuit ____________________ No. 96-1957 UNITED STATES OF AMERICA, Appellee, v. MICHAEL J. GIGNAC, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ____________________ Before Lynch, Circuit Judge, Aldrich and Bownes, Senior Circuit Judges. ____________________ Tina Schneider for appellant. Margaret D. McGaughey , Assistant United States Attorney, with whom Jay  P.  McCloskey, United States Attorney, and Jonathan  R.  Chapman, Assistant United States Attorney, were on brief for appellee. ____________________ July 21, 1997 ____________________ BOWNES, Senior  Circuit  Judge. On the night of August 17, 1995, defendant-appellant Michael Gignac and two other men robbed a store in Portland, Maine. The robbers all wore masks; two of them were armed. Gignac was indicted on three counts: Count I alleged that he interfered with commerce by means of robbery in violation of 18 U.S.C. S 1951(a), S 1951(b)(1), and 18 U.S.C. S 2. Count II charged Gignac with using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. S 924(c)(1), S 924(c)(3), and 18 U.S.C. S 2. Count III accused Gignac of possession of a firearm by a felon in violation of 18 U.S.C. S 922(g), S 924(e)(1), and 18 U.S.C. S 2. The jury found Gignac guilty on Count I, but not guilty on Counts II and III. The court sentenced Gignac as a career offender under S 4B1.1 of the United States Sentencing Guidelines. The court found that Gignac was a career offender because of prior convictions for arson, burglary of a church, and assault on a prison officer. Our review is plenary because we are considering interpretive questions under the Sentencing Guidelines.  United States  v.  Meader, No. 96-2123, slip op. at 11 (1st Cir. July 11, 1997);  United States v. Fiore , 983 F.2d 1, 2 (1st Cir. 1992); United  States  v.  St.  Cyr, 977 F.2d 698, 701 (1st Cir. 1992). Gignac raises two issues on appeal: (1) Whether the court erred in applying the career offender sentence -2- 2 enhancement provision; and (2) Whether the court abused its discretion in allowing the prosecutor to impeach defendant with the number, but not the nature, of his prior convictions. The Career Offender Enhancement As a result of Gignac being adjudged a career offender, his adjusted offense level changed from 27 to 32. The consequent sentencing range increased from 132-160 months (level 27) to 210-262 months (level 32). He was sentenced to the statutory maximum of 20 years. This contrasts with a maximum sentence of 13 years plus, without the career offender enhancement. Section 4B1.1 of the Guidelines defines a career offender as follows: A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or . . ., and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. There is no doubt that Gignac comes within categories (1) and (2) of the career offender guideline provisions. The basis of his appeal is that he does not come within category (3) because he does not have two prior felony convictions for crimes of violence. Gignac had a number of prior felony convictions. We focus only on those involving a crime of violence. In 1989 -3- 3 Gignac was convicted in Maine state court of arson and assault. Gignac concedes that this conviction comes within category (3) of the Guidelines. In 1993 Gignac was convicted for assault on a corrections officer. He argues that this conviction was not a category (3) crime of violence. We disagree. Section 4B1.2(1) of the Guidelines states: The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that -- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . . Under Maine law, assault on a corrections officer is a Class C felony. The law states: 1. A person is guilty of assault on an officer if . . .  B. While in custody in a penal institution or other facility pursuant to an arrest or pursuant to a court order, he commits an assault on a member of the staff or facility. As used in this paragraph "assault" means the crime defined in chapter 9, section 207. Me. Rev. Stat. Ann. tit. 11-A, S 752-A. Assault is defined under S 207(1) of title 17-A as "A person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another." We agree with the district court that an assault on a prison guard by its very nature involves a serious potential risk of injury to another. That is all that is required under -4- 4 S 4B1.2(1)(i) of the Guidelines. Note 2 of the Commentary to S 4B1.2 states that "crimes of violence" include offenses where "that offense has as an element the use, attempted use, or threatened use of physical force against the person of another." We hold that the assault on the prison officer by defendant was a crime of violence under the career offender section (S 4B1.1) of the Guidelines. Impeachment of Defendant with Number But Not Nature of His Prior Convictions Before we get to the merits of this argument, we must first determine whether it was properly preserved for appeal. The first question is whether defendant's motion in limine to exclude any reference to prior convictions was sufficient alone without further objection to warrant consideration by this court. The record discloses the following. A chambers conference was held on the motion  in  limine prior to defendant taking the stand. The question of admissibility of Gignac's prior convictions was discussed in the framework of Fed. R. Evid. 609. At the close of the conference the district court told the parties that if defendant took the stand, the government would be permitted to establish that there were five previous felony convictions and the dates, but that the government would not be allowed to show "the specifics of the charges on those previous convictions." The court ended the  -5- 5 conference with the following admonition: Now counsel, again, remember, that is a tentative ruling. It's subject to what the defendant says if he takes the stand. It may be that he would say something that would cause me to reevaluate that ruling in terms of allowing some of the specific charges or whatever, but based upon what you've told me to date, that's my ruling. Defense counsel did not object to the court's ruling at any time after the conference and before Gignac testified. Defense counsel brought out at the start of direct examination that Gignac had been convicted of more than one felony. On cross-examination the prosecutor elicited testimony from Gignac that he had five prior felony convictions between 1988 and 1993. There was no objection to this line of questions. The law in this circuit is clear: a motion  in  limine alone is not sufficient to forward the issue for appellate review. The rule and its rationale have been stated most recently in Gill v. Thomas, 83 F.3d 537 (1st Cir. 1996). We also held in Gill that if a party introduces potentially impeaching evidence itself in order "to take the sting" out of it, this eliminates any potential evidentiary error by the use of such evidence in cross-examination.  Id. at 541. For the foregoing reasons, defendant Gignac has failed to properly preserve the second issue raised by him. We cannot refrain from noting, however, that even had the issue been properly preserved below, it would be of no avail. There -6- 6 is no substantive merit to this claim. See United  States  v. Powell, 50 F.3d 94, 101-02 (1st Cir. 1995). The judgment of the district court is  affirmed in all respects. -7- 7