**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maria Suzuki OHLER, Defendant–**
**Appellant.**

**No. 98–50282.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 2, 1999.[1]

Decided March 9, 1999.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**1201**

Gary P. Burcham and Benjamin L. Coleman, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Jonah H. Goldstein, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: GOODWIN, BRUNETTI, and T.G. NELSON, Circuit Judges.

BRUNETTI, Circuit Judge:

Maria Suzuki Ohler ("Ohler") appeals from a jury verdict finding her guilty of one count of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Ohler contends that the district court erred when it concluded that evidence of her 1993 conviction for possession of methamphetamine was admissible under Rule 609(a)(1) of the Federal Rules of Evidence and granted the government's motion in limine. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Facts and Proceedings Below

Ohler attempted to enter the United States from Mexico through the San Ysidro, California, Port of Entry on July 29, 1997. As Ohler, the driver and sole occupant of a 1984 GMC van, passed through the port of entry, a customs inspector noticed that someone had tampered with one of the van's interior panels. Customs inspectors searched the van and discovered over eighty-one pounds of marijuana. Ohler was arrested and subsequently indicted on August 6, 1997, for importation of marijuana and possession of marijuana with intent to distribute.

Because Ohler had been previously convicted on February 13, 1993, for possession of methamphetamine, the government filed motions in limine asking the district court to admit Ohler's prior felony convictions as character evidence under Rule 404(b) and impeachment evidence under Rule 609(a)(1). The district court denied the government's motion in limine to admit Ohler's prior conviction as character evidence under Rule 404(b) and reserved ruling on whether the prior conviction was admissible for impeachment purposes under Rule 609(a)(1). On the morning of the first day of Ohler's trial, this district court concluded that, if Ohler were to testify on her own behalf, evidence of her past criminal conviction would be admissible under Rule 609(a)(1) to impeach her credibility.

After the government concluded its case-in-chief, Ohler testified in her own defense and denied that she had any knowledge of the marijuana discovered in the van. Specifically, she testified that the van had been taken without her permission the night before her arrest, that she had gone to Mexico simply to retrieve the van, and that she was arrested when she attempted to return to the United States. During her direct examination, Ohler admitted that she had been previously convicted of possession of methamphetamine in 1993. On cross-examination, the government asked Ohler if her prior possession conviction was a felony and Ohler answered affirmatively. Ohler then explained on redirect examination that her prior drug possession conviction was for possession of a personal use quantity rather than for possession of a distribution quantity.

At the conclusion of Ohler's two day trial, the jury found her guilty of importation of marijuana and possession of marijuana with intent to distribute. The district court sentenced Ohler to 30 months imprisonment and three years of supervised release and assessed a $200 penalty.

## II. Discussion

This Court has held that, when a criminal defendant introduces evidence of his prior conviction during his direct examination, the criminal defendant waives the right to appeal the district court's in limine ruling that the prior conviction was admissible under Rule 609(a)(1). *See United States v. Williams,* 939 F.2d 721, 725 (9th Cir.1991); *Shorter v. United States,* 412 F.2d 428, 431 (9th Cir. 1969); *see also United States v. Bryan,* 534 F.2d 205, 206 (9th Cir.1976) (no reversible error even if evidence of prior conviction is not admissible when defendant introduces prior conviction into evidence). Ohler attempts to circumvent the express holding of *Williams* by arguing that *Williams* is no longer applicable after the 1990 amendments to Rule 609(a)(1). Ohler's argument is without merit.

Before Rule 609 was amended in 1990, it read:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Fed.R.Evid. 609 (amended 1990).

In 1990, the statutory limitation that a witness's prior conviction could only be introduced during cross examination to impeach the witness's testimony was removed from Rule 609. The amended and current version of Rule 609(a) reads:

(a) General Rule. For purposes of attacking the credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.

Fed.R.Evid. 609(a).

The Advisory Committee Note to Rule 609 explains why the limitation that a defendant's prior conviction could only be elicited during cross examination was removed from Rule 609. The Advisory Committee Note states:

The amendment to Rule 609(a) makes two changes to the rule. The first change removes from the rule the limitation that the conviction may only be elicited during cross-examination, a limitation that virtually every circuit has found to be inapplicable. It is common for witnesses to reveal on direct examination their convictions to "remove the sting" of the impeachment.

Fed.R.Evid. 609 advisory committee note. The advisory committee note demonstrates that, even prior to the 1990 amendments to Rule 609, a criminal defendant could introduce evidence of his prior convictions during his direct examination because most courts found the cross-examination limitation inapplicable. *See, e.g., United States v. Bad Cob,* 560 F.2d 877, 883 (8th Cir.1977); *United States v. Dixon,* 547 F.2d 1079, 1082 n. 2 (9th Cir.1976).

Ohler contends that "as Rule 609(a)(1) now reads, there is no limitation as to who may

introduce evidence of a prior conviction under Rule 609; if the defendant wishes to 'remove the sting' of Rule 609 evidence by bringing the conviction out on direct examination, such a strategy is statutorily sanctioned." Ohler, therefore, argues that, because the strategy of "removing the sting" is now statutorily sanctioned by Rule 609, a criminal defendant does not waive the right to appeal an in limine ruling that a prior conviction is admissible when the defendant introduces evidence of his prior conviction during his direct examination. Ohler's argument is meritless because even prior to the 1990 amendments to Rule 609 and this Court's decision in *Williams* a criminal defendant in this circuit could "remove the sting" of Rule 609 evidence by introducing evidence of his prior convictions during his direct examination.

This Court, in 1976, examined the text of former Rule 609 and recognized that the first sentence explicitly stated that evidence of a prior conviction could only be admitted if elicited from the witness or established by public record during cross-examination. *See Dixon*, 547 F.2d at 1082 n. 2. Despite recognizing the cross-examination limitation in former Rule 609, this Court declared that "[i]t seems clear from the legislative history that on direct examination, *a party may elicit the evidence of a prior conviction from his own witness;* if the witness has forgotten or denies the existence of the conviction, the party may then introduce evidence of the conviction by public record, *even though this does not take place on cross-examination.*" *Id.* (emphasis added). The Court reasoned that the purpose of the cross-examination limitation in former Rule 609 was to insure that a prior conviction was not used to impeach a person who did not testify and that this purpose was not frustrated when a party elicited evidence of a prior conviction from his own witness during direct examination. *Id.*

Assuming, without deciding, that Ohler is correct in stating that Rule 609 now statutorily sanctions the "remove the sting" strategy that criminal defendants often employ, the

1990 amendments to Rule 609 do not reflect a true change in the law because, since at least this Court's decision in *Dixon*, a criminal defendant in this circuit has been allowed to introduce evidence of his prior criminal convictions during his direct examination. Therefore, when *Williams* was decided in 1991, a criminal defendant was explicitly allowed, despite the language of former Rule 609, to introduce evidence of his prior convictions during his direct examination. The 1990 amendments to Rule 609 do not affect the validity and/or applicability of the *Williams* decision because the "remove the sting" strategy has long been sanctioned by this Court and the 1990 amendments to Rule 609 only codify the law as it existed when *Williams* was decided.

This Court's decisions in *Dixon* and *Williams* do not stand alone. Other circuit courts have long recognized that a criminal defendant can introduce evidence of his prior convictions during his direct examination, *see, e.g., Bad Cob*, 560 F.2d at 883 ("The introduction by a witness himself, on his direct, of a prior conviction is a common trial tactic, recommended by textwriters on trial practice."), and have also held that a criminal defendant waives the right to appeal an in limine ruling that a prior conviction is admissible when the defendant introduces evidence of his prior conviction during his direct examination. *See, e.g., United States v. Gaitan–Acevedo*, 148 F.3d 577, 591–92 (6th Cir.), *cert. denied, Crehore v. United States*, —— U.S. ——, 119 S.Ct. 256, 142 L.Ed.2d 210, *and rehearing denied*, —— U.S. ——, 119 S.Ct. 467, 142 L.Ed.2d 420 (1998); *Gill v. Thomas*, 83 F.3d 537, 541 (1st Cir.1996); *United States v. DePriest*, 6 F.3d 1201, 1209 (7th Cir.1993); *United States v. Vega*, 776 F.2d 791, 792 (8th Cir.1985). Furthermore, no circuit court has found it necessary to reexamine the waiver issue in light of the 1990 amendments of Rule 609. *See, e.g., United States v. Fisher*, 106 F.3d 622, 629 (5th Cir.1997) (defendant does not waive right to appeal); *United States v. Smiley*, 997 F.2d 475, 479–80 (8th Cir.1993) (defendant waives right to appeal); *United States*

*v. Brown,* 956 F.2d 782, 787 (8th Cir.1992) (same). These decisions reinforce the position of the advisory committee that the 1990 amendments to Rule 609 only removed a limitation that most courts already found inapplicable and support the conclusion that this Court's decision in *Williams* has not been disturbed by the 1990 amendments to Rule 609.

Ohler's reliance on the Fifth Circuit's decision in *Fisher* to support the argument that the 1990 amendments to Rule 609 represent a fundamental change in the law that affects this Court's decision in *Williams* is misplaced. The *Fisher* decision does not address the 1990 amendments to Rule 609. *See Fisher,* 106 F.3d at 629. It simply follows Fifth Circuit precedent that holds that a party does not waive the right to appeal an in limine ruling that a prior conviction is admissible when the defendant introduces evidence of his prior conviction during his direct examination. *Id.* (citing *Reyes v. Missouri Pac. R.R.,* 589 F.2d 791 (5th Cir.1979)). Thus, the *Fisher* decision does not rely on the 1990 amendments to Rule 609 but relies on precedent that pre-dates 1990 to conclude that a defendant does not waive the right to appeal a district court's in limine ruling when the defendant introduces evidence of his prior convictions during his direct examination. *See id.* Just as the law of the Fifth Circuit has not been affected by the 1990 amendments to Rule 609, the law of this circuit and the *Williams* decision have not been altered by the 1990 amendments to Rule 609.

Ohler argues that even if *Williams* is still good law, this case is distinguishable from *Williams* because the government in this case affirmatively moved to introduce the prior conviction. This argument is wholly without merit and disingenuous. This case and *Williams* are indistinguishable. In *Williams,* "[t]he district court ruled *in limine* that the prosecution could admit into evidence for impeachment purposes under Rule 609(a)(1) Williams's prior state conviction for possession of marijuana for sale." *Williams,* 939 F.2d at 723. Here, Ohler faced the exact same situation as the defen-

dant in *Williams*-an adverse in limine ruling allowing the introduction of a prior conviction for impeachment purposes-and she, like the defendant in *Williams,* decided to introduce evidence of her prior conviction during her direct examination to "remove the sting" of the prior conviction. In so doing, Ohler waived her right to appeal the district court's in limine ruling that her prior conviction was admissible under Rule 609(a)(1). *Williams,* 939 F.2d at 725.

Because Ohler waived her right to appeal the district court's in limine ruling, we need not decide whether the district court erred when it determined that Ohler's prior conviction for possession of methamphetamine was admissible for impeachment purposes under Rule 609(a)(1) of the Federal Rules Evidence.

**AFFIRMED.**