BENTON, J.
Mary Ann Sheffield sustained soft tissue injuries as a passenger in an automobile hit from the rear while waiting for a traffic light to change. After settling with the driver of the other car for policy limits, she sued her own uninsured motorist insurance carrier, Superior Insurance Company (Superior). Dissatisfied with the size of the verdict against Superior, she now seeks a new trial on damages. We reject the contention that she was entitled to a directed verdict deeming her injuries permanent. While the trial court did err in denying her motion to exclude evidence of collateral sources, her own introduction of such evidence precludes reversal for a new trial on that ground. We therefore affirm.
I.
Maintaining that the jury must have been misled on the point by videotapes depicting her in apparent good health, Ms. Sheffield argues that the medical evidence left the trial judge no choice but to direct a verdict finding that she had suffered permanent injury. Granting a motion for directed verdict would, however, have been “proper only if there was no evidence upon which a jury could find,” Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995), that her injuries were not permanent. A motion for directed verdict concedes “the facts in evidence and in addition admits every reasonable and proper conclusion based thereon which is favorable to the adverse party.” Hartnett v. Fowler, 94 So.2d 724, 725 (Fla.1957) (citing Dempsey-Vanderbilt Hotel v. Huisman, 153 Fla. 800, 15 So.2d 903 (1943)).
Although several physicians testified that Ms. Sheffield suffered permanent injury, they did not all agree that any one injury was permanent. Dr. Ivan Lopez testified that Ms. Sheffield had permanent injuries, both cervical and lumbar. But Dr. Bruce Richards, who examined Ms. Sheffield approximately six months after *535 she started treatment with Dr. Lopez,[1] testified that the cervical injury had largely gone away and “might resolve in the future,” and Dr. Rigoberto Puente-Guz-man, who treated her after she left Dr. Lopez’s care, testified that the lumbar injury was not permanent. Especially when taken together with Dr. Puente-Guzman’s testimony,[2] Dr. Richards’ testimony implied that the cervical injury was in the process of healing.
It was for the jury to resolve conflicting evidence on the issue of permanency. See Easkold v. Rhodes, 614 So.2d 495, 497 (Fla.1993); Hicks v. Yellow Freight Sys., Inc., 694 So.2d 869, 870 (Fla. 1st DCA 1997); cf. Ullman v. City of Tampa Parks Dep’t, 625 So.2d 868, 873-74 (Fla. 1st DCA 1993). But see Allstate Insurance Co. v. Thomas, 637 So.2d 1008 (Fla. 4th DCA 1994). As the finder of fact, the jury was free to “accept such [expert] opinion testimony, reject it, or give it the weight [the jury thought] it deservefd], considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all other evidence in the case.” Fla. Std. Jury. Instr. (Civ.) 2.2(b); see Easkold, 614 So.2d at 497-98; Shaw v. Puleo, 159 So.2d 641, 643-44 (Fla.1964), overruled in part on other grounds, Griffis v. Hill, 230 So.2d 143 (Fla.1969); Florida Dep’t of Highway Safety and Motor Vehicles v. Schnurer, 627 So.2d 611, 612 (Fla. 1st DCA 1993); Wynn v. Muffs, 617 So.2d 794 (Fla. 1st DCA 1993); cf. Congleton v. Sansom, 664 So.2d 276, 283 (Fla. 1st DCA 1995), review denied, 675 So.2d 119 (Fla.1996). The trial court did not err in denying the motion for directed verdict.[3]
The dissent takes us to task for “affirming on issues not presented to the trial judge, or briefed by the parties,” going so far as to suggest a “practical denial of due process.” But the burden is on Mrs. Sheffield to show that the trial court erred in denying the motion for directed verdict, not on appellees to show that the ruling was correct. See Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla.1979); Canto v. J.B. Ivey and Co., 595 So.2d 1025, 1028 (Fla. 1st DCA 1992). Persuaded, as we are, that the trial court’s decision was *536 correct based on the evidence adduced, we must affirm. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 24 Fla. L. Weekly S71 (Fla.1999); Applegate, 377 So.2d at 1152; Cohen v. Mohawk, Inc., 137 So.2d 222, 225 (Fla.1962); Nuta v. Genders, 617 So.2d 329, 331 (Fla. 3d DCA 1993). Mrs. Sheffield has had adequate opportunity to show error but has failed to do so.
“In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.” Apple-gate, 377 So.2d at 1152. An appellee’s failure to file an answer brief altogether does not alter the rule that an appellate court should affirm, where the evidence supports the trial court’s decision. See Florida Auto. Dealers Indus. Benefit Trust v. Small, 592 So.2d 1179, 1180 (Fla. 1st DCA 1992). “Where a trial court reaches the correct decision even if for the wrong reason, the decision will be affirmed.” Cardelle v. Cardelle, 645 So.2d 22, 23 (Fla. 3d DCA 1994). See Firestone v. Firestone, 263 So.2d 223 (Fla.1972); In re Estate of Yohn, 238 So.2d 290 (Fla.1970); Walton v. Walton, 290 So.2d 110 (Fla. 3d DCA 1974); Goodman v. Goodman, 204 So.2d 21, 21 (Fla. 4th DCA 1967). Here parts of the physicians’ testimony support the jury’s implicit finding that the cervical injuries were not permanent and other parts support their implicit finding that the lumbar injuries were not permanent.
II.
The trial court did err, however, in denying the motion in limine Ms. Sheffield filed in her effort to secure an order excluding any evidence regarding
1. The fact that some or all of [her] medical expenses are being paid by group or other insurance companies;
2. That the amount [she] is presently paying for doctor’s visits and prescriptions expenses is below the market rate due to [her] insurance coverages.
After Ms. Sheffield restated her motion ore tenus to exclude evidence regarding “either insurance or benefits [4] provided by the employer,” the trial court denied the motion.
Denial of the motion cannot be squared with controlling precedent that bars introduction of evidence of collateral sources when timely objection is made. See, e.g., Gormley v. GTE Prods. Corp., 587 So.2d 455, 458-59 (Fla.1991). We explained in Rease v. Anheuser-Busch, Inc., 644 So.2d 1383, 1386-87 n. 3 (Fla. 1st DCA 1994):
As a rule of evidence, [the collateral source rule] “prohibits the introduction of any evidence of payments from collateral sources, upon proper objection.” [Gormley, 587 So.2d] at 457. This is so because the introduction of collateral source evidence “misleads the jury on the issue of liability and, thus, subverts the jury process.” Id. at 458.
See also Parker v. Hoppock, 695 So.2d 424, 427 (Fla. 4th DCA 1997), review denied, 707 So.2d 1126 (Fla.1998); Williams v. Pincombe, 309 So.2d 10, 11 (Fla. 4th DCA 1975); Cook v. Eney, 277 So.2d 848, 849 (Fla. 3d DCA 1973). We are not concerned here with a situation like the one that obtained in State Farm Mutual Auto. Insurance Company v. Gordon, 712 So.2d 1138 (Fla. 3d DCA 1998). The trial court committed clear error in denying the motion in limine.
But it was Ms. Sheffield, during her case-in-chief, who first introduced evi *537 dence of “free” medicine[5] and group insurance benefits she received in connection with her employment as a medical assistant. Denial of the motion in limine notwithstanding,[6] Ms. Sheffield’s eliciting testimony on direct examination precludes reversal for questions within the scope of direct examination — and not otherwise improper — that Superior asked on cross-examination. See United States v. Gignac, 119 F.3d 67, 69-70 (1st Cir.), cert. denied, 522 U.S. 975, 118 S.Ct. 431, 139 L.Ed.2d 331 (1997); United States v. Johnson, 720 F.2d 519, 522 (8th Cir.1983); see also United States v. Ohler, 169 F.3d 1200, 1202-04 (9th Cir.1999); Gill v. Thomas, 83 F.3d 537, 541 (1st Cir.1996); Wactor v. Spartan Transp. Corp., 27 F.3d 347, 350 (8th Cir.1994); United States v. Williams, 939 F.2d 721, 724-25 (9th Cir.1991); United States v. Cobb, 588 F.2d 607, 613 (8th Cir.1978) (holding “Cobb effectively cut off both the prosecutor’s privilege to withhold the possibly prejudicial evidence and the court’s opportunity to reconsider its preliminary ruling by voluntarily broaching the subject of the 1949 conviction on direct examination ... [and so] failed to preserve his objection to the admission of evidence of the 1949 conviction.”); cf. Luce v. United States, 469 U.S. 38, 41-42, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); State v. Raydo, 713 So.2d 996, 998 (Fla.1998). But see United States v. Fisher, 106 F.3d 622, 629 (5th Cir.1997); Judd v. Rodman, 105 F.3d 1339, 1342 (11th Cir.1997); Reyes v. Missouri Pac. R.R. Co., 589 F.2d 791, 793 (5th Cir.1979).
The jury heard nothing of the moneys Ms. Sheffield received from the settlement with the other driver or of the personal injury protection benefits Superior paid. But for her putting on evidence about free medical samples and her group insurance, Superior might well have decided to forgo asking questions on these subjects, as well, in order to avoid the risk of reversal for doing so. Superior put on no evidence concerning collateral sources other than sources Ms. Sheffield first testified to.
The trial court should have granted the motion in limine. But its failure to do so conferred no right on Ms. Sheffield to build error into the trial so as to guarantee two bites at the apple. See Perez v. State, 717 So.2d 605, 607 (Fla. 3d DCA 1998) (“We do not know and do not speculate as to ... what strategic considerations may have led him to introduce some of this evidence himself. We are convinced, however, that it would be contrary to Florida law and grossly unfair to grant him relief for errors which ... he, himself, invited.”).
Plainly, as the first to introduce evidence she now contends was prejudicial, Ms. Sheffield invited the error now invoked as a reason for a new trial. See Pope v. State, 441 So.2d 1073, 1076 (Fla.1983) (“A party may not invite error and then be heard to complain of that error on appeal.”); Lentz v. State, 679 So.2d 866 (Fla. 3d DCA 1996); Buggs v. State, 640 So.2d 90 (Fla. 1st DCA 1994). In denying the motion for hew trial, moreover, the trial judge expressly found that admission of evidence of collateral sources had proven harmless, even if error. On appeal, Ms. *538 Sheffield has demonstrated no reason to disturb this finding.
Affirmed.
MINER, J„ CONCURS.
BROWNING, J., DISSENTS WITH OPINION.

. Dr. Richards' opinion that Ms. Sheffield's injury was permanent was based primarily on the fact that symptoms persisted for more than six months. By the time of trial, however, Dr. Richards had not examined Ms. Sheffield for over two years.

. In finding that Ms. Sheffield had not suffered a permanent injury, the jury may have relied on testimony Dr. Rigoberto Puente-Guzman gave:
I cannot say with medical certainty there’s a limit on how far an injury will last. Usually when I see someone with an injury to soft tissue and I recommend treatment, the majority of the people in the first few months will get better. About twenty percent — eight percent of the people can have chronic symptoms for years after their initial injury and it can be indefinite. It can wax and wane. Some people get better in two years and say, look, I got better just doing activity and all that. Some people will have the symptoms on and off. How long will that be? I can’t tell you.
This testimony does not, of course, establish that Ms. Sheffield suffered a “[permanent injury within a reasonable degree of medical probability.” § 627.737(2)(b), Fla. Stat. (1995).

.The jury awarded damages for future (as well as past) medical care and loss of ability to perform household services over a prospective period of five years (rather than of more than 50 years as plaintiff advocated) but answered "No” to the question
Did Mary Ann Sheffield, as a result of the December 10, 1994 collision, suffer a permanent injury within a reasonable degree of medical probability?
Ms. Sheffield does not argue on appeal that the verdict is internally inconsistent, nor could she. See Odom v. Carney, 625 So.2d 850, 851 n. 1 (Fla. 4th DCA 1993) (finding argument that verdict was inconsistent in not finding permanent injury waived by "failure to object before jury was discharged”). See generally Perry v. Allen, 720 So.2d 614 (Fla. 1st DCA 1998).
See also Hamilton v. Melbourne Sand Transp., 687 So.2d 27 (Fla. 5th DCA 1997) (holding that an award of damages for a 43-year period was not inconsistent with a finding that the injury was not permanent).

. The trial court ruled that the motion in limine only covered evidence of collateral benefits available under automobile insurance policies and the group insurance policy Ms. Sheffield obtained through her employment. We need not decide whether Ms. Sheffield ever adequately stated an objection to evidence regarding free samples of medicine she received by virtue of her employment in a physician's office. Apart from the motion in limine, she did not object to admission of evidence regarding pharmaceutical samples she received from her employer.

. Ms. Sheffield also testified that her employer did not charge her for the portion of physical therapy her health insurance did not cover. The jury awarded Ms. Sheffield her past medical bills in full. She was not seeking additional physical therapy as part of her future medical expenses.

. Superior stipulated that Ms. Sheffield had a standing objection to evidence of collateral sources. On the record but after the fact, Superior also agreed that Ms. Sheffield had not waived her objection by raising the matter during voir dire and her opening statement. Superior is bound by this agreement and we do not hold otherwise.
Perhaps it made tactical sense for Ms. Sheffield to take the calculated risk of acclimating the jury in this way, given the trial court's erroneous ruling. See Porter v. Vista Bldg. Maintenance Servs., 630 So.2d 205, 206 (Fla. 3d DCA 1993) (holding opening statement did not waive objection); United States v. Garcia, 988 F.2d 965, 967-68 (9th Cir.1993). But statements of counsel are not evidence.